Rosa L. REESE, etc., et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CV 494–252.

United States District Court,
S.D. Georgia,
Savannah Division.

April 24, 1995.

**1538**

Thomas G. Sampson, Myra H. Dixon, La'Sean Marie Zilton, Thomas, Kennedy, Sampson & Patterson, Atlanta, GA, Pat D. Dixon, Atlanta, GA, Natalie M. Haugabrook, Haugabrook & Associates, Cordele, GA, for plaintiff.

Lawrence B. Lee, Savannah, GA, Melissa Stebbins Mundell, Savannah, GA, Harry Donival Dixon, Jr., Savannah, GA, for defendant.

### ORDER

NANGLE, District Judge.

Currently before the Court is defendant's motion for partial dismissal. Defendant requests that the Court dismiss various requests for relief in plaintiffs' complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons discussed below, defendant's motion will be denied.

### BACKGROUND

The current action arises from an automobile accident which caused the deaths of Debra Gordon and her unborn child, General Gordon, on November 10, 1992. The accident involved a truck driven by an employee of the United States Postal Service. Plaintiff Rosa L. Reese, the mother of Debra Gordon, is suing the United States in various capacities on behalf of the decedents under the Federal Tort Claims Act ("FTCA"). This plaintiff has brought claims for wrongful death and pain and suffering on behalf of both Debra Gordon and General Gordon.

### DISCUSSION

Defendant requests that this Court dismiss plaintiff Reese's claims brought on behalf of General Gordon. First, defendant argues that plaintiff's failure to present explicitly the pain and suffering claim on behalf of General Gordon in the previous administrative proceeding precludes the Court from exercising federal subject matter jurisdiction over the claim. Second, defendant argues that this plaintiff has failed to demonstrate standing to bring the wrongful death claim on behalf of General Gordon.

## A. Subject Matter Jurisdiction Over Pain and Suffering Claim for General Gordon

■ The FTCA establishes that as a prerequisite to maintaining a suit against the United States, a plaintiff must present the claim to the appropriate administrative agency. 28 U.S.C. § 2675(a). Courts cannot exercise jurisdiction over such actions if the plaintiff has failed to present the claim to the agency. 28 U.S.C. § 2675(b); *McNeil v. United States*, 508 U.S. 106, 112–113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993); *Brackin v. United States*, 913 F.2d 858, 859–60 (11th Cir.1990).

■ In order to satisfy the FTCA's presentment requirements, a claimant must (1) give the agency written notice of the claim to enable the agency to investigate, and (2) place a value on the claim. *Free v. United States*, 885 F.2d 840, 842 (11th Cir.1989); *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.1980). The notice condition does not require a claimant to enumerate each theory of liability in the claim. *Brown v. United States*, 838 F.2d 1157, 1160 (11th Cir.1988); *Bush v. United States*, 703 F.2d 491, 494 (11th Cir.1983). Courts have held that a claimant provides sufficient notice where a claim advances the facts necessary for the government to conduct a full investigation of the circumstances of the accident. *Brown*, 838 F.2d at 1161; *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir.1980).

■ The Court finds that plaintiff Reese presented to the Postal Service her pain and suffering claim on behalf of General Gordon in compliance with the FTCA's requirements. First, said plaintiff submitted a claim to the Postal Service for $10,000,000.00 on behalf of Debra Gordon and General Gordon. Defendant's Exhibit A1. Second, plaintiff Reese informed the Postal Service by letter that she was seeking damages for the wrongful death and pain and suffering of Debra Gordon and the wrongful death of General Gordon. Defendant's Exhibit A2. Although plaintiff Reese never stated explicitly that she was seeking damages for the pain and suffering experienced by General Gordon during the accident, this plaintiff provided numerous details in the letter regarding the circumstances of the accident, the theories of liability and the nature of both decedents' damages. Defendant's Exhibit A2. Plaintiff Reese carefully described the physical effect of the accident on both Debra Gordon and General Gordon. Defendant's Exhibit A2, page 3. Thus, the Court finds that plaintiff Reese's submission and letter placed a value on the claim and provided defendant with adequate notice to investigate the circumstances of the accident.

## B. Standing for Wrongful Death Claim for General Gordon

■ A motion to dismiss for lack of standing is brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, because the motion challenges the Court's subject matter jurisdiction. *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n. 8 (11th Cir.1993); *Cone Corporation v. Florida Department of Transportation*, 921 F.2d 1190, 1203 n. 42 (11th Cir.1991). When lack of standing is raised in a motion to dismiss, the issue is properly resolved by reference to the allegations of the complaint. *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). The trial court must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party. *Region 8 Forest Service Timber Purchasers Council*, 993 F.2d at 806; *see also Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206–07, 45 L.Ed.2d 343 (1975). Additionally, in making its determination, the trial court is not restricted to the face of the complaint but may also rely on affidavits submitted by the plaintiff in support of the complaint. *Region 8 Forest Service Timber Purchasers Council,* 993 F.2d at 806; *see also Warth*, 422 U.S. at 501, 95 S.Ct. at 2206–07.

■ The Court must look to Georgia law to determine whether plaintiff Reese has standing to sue on behalf of General Gordon, because the law of the jurisdiction where the alleged act or omission occurred governs the rights and liabilities of the parties under the FTCA. 28 U.S.C. § 2674; *Howell v. United*

*States,* 932 F.2d 915, 917 (11th Cir.1991). Georgia's statutory scheme sets forth the requirements for a party to sue on behalf of a deceased child. O.C.G.A. § 19–7–1, et seq. (parent and child relationship statute), § 51–4–5, et seq. (wrongful death statute). The parent and child relationship statute provides that "[i]f the deceased child does not leave a spouse or child, the right of recovery shall be in the parent or parents, **if any,** ...". O.C.G.A. § 19–7–1(c)(2) (emphasis added). The wrongful death statute provides for the right of recovery in the administrator of the decedent's estate when there is no person who can bring an action for the wrongful death of the decedent. O.C.G.A. § 51–4–5 (referred to in O.C.G.A. § 19–7–1(c)(3)). The administrator holds the amount recovered for the benefit of the decedent's next of kin. O.C.G.A. § 51–4–5(a).

The intent of the statute is to provide relief in every case for the wrongful death of a child. The statute states that "[i]n **every** case of the homicide of a child, ..., there shall be some party entitled to recover the full value of the life of the child ...". O.C.G.A. § 19–7–1(c)(1) (emphasis added). The statute also states that "[t]he intent of this subsection is to provide a right of recovery in **every** case of the homicide of a child who does not leave a spouse or child". O.C.G.A. § 19–7–1(c)(3) (emphasis added).

■ The Court finds that plaintiff Rosa L. Reese, as the administrator of General Gordon's estate, may bring the action for wrongful death on behalf of General Gordon, because said plaintiff has made a sufficient showing that there is no other person who can bring the action. First, General Gordon's mother died in the accident. Second, plaintiff Reese has submitted affidavits showing that the identity of General Gordon's father is unknown. Plaintiffs' Exhibit A. Additionally, this plaintiff has shown that General Gordon's father, if living, has failed to disclose his identity, even though the accident was made public in Savannah, Georgia. Plaintiffs' Exhibit A. Thus, in light of the intent of the statute to provide relief in every case for the wrongful death of a child, this Court finds that plaintiff Rosa L. Reese, as administrator of General Gordon's estate, has standing to sue on behalf of General Gordon.

*CONCLUSION*

For the reasons given above,

**IT IS HEREBY ORDERED** that defendant's motion for partial dismissal be and is denied.