**Brice BRACKIN and Linda R. Brackin, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 89–7881**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 14, 1990.

Lee R. Benton, Schoel, Ogle, Benton, Gentle & Centeno, Birmingham, Ala., for plaintiffs-appellants.

Frank W. Donaldson, U.S. Atty., and James D. Ingram, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before TJOFLAT, Chief Judge, and FAY and COX, Circuit Judges.

PER CURIAM:

We AFFIRM the judgment of the district court for the reasons stated in the court's memorandum of decision of November 2, 1989, which appears in the appendix.

## APPENDIX

### MEMORANDUM OF DECISION

HANCOCK, District Judge:

Plaintiffs instituted this action on November 25, 1987 seeking damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (FTCA) for damages resulting from the improper and negligent "reconstitution" (division or combination of acreage allotments of certain crops) of plaintiffs' farmland.

The government filed a motion for summary judgment on August 7, 1989 which the court took under submission on September 1, 1989. Having considered the briefs of counsel for both sides and the

verified material presented in support of and in opposition to the motion, the court is of the opinion that the defendant's motion is due to be granted.

The lengthy and undisputed facts of this case are set forth in the Pretrial Order of this court and will not be repeated herein. A brief synopsis of the facts, however, is necessary to understand the plaintiffs' claims.

Plaintiffs are joint owners of a 687 acre tract of land (Farm No. C–438) which is one of four tracts derived from a larger parent farm called the "Taylor Estate". Plaintiffs sought to reconstitute the distribution of acreage allotments for their farm for cotton, wheat and corn. The defendant Lawrence County Agricultural Stabilization and Conservation Service, (ASCS) was obligated to determine the appropriate method for reconstituting the four tracts. The ASCS has established guidelines for reconstituting the distribution of acreage allotments for certain crops which are contained in Handbook 2–CM.

The ASCS committee used Handbook 2–CM, viewed presentations by the plaintiffs' representative, and reviewed the former operation of the tract. The various owners of the four tracts of land were unable to agree on an appropriate method to use. As a result of the failure of the parties to agree upon an appropriate method, the committee decided to use the historical method to calculate the appropriate allotment. Plaintiffs, dissatisfied with the committee's choice, sought a review of the decision. Ultimately the ASCS committee's decision was reversed[1] and the committee

was directed by the Deputy Administrator in Washington D.C. to calculate the allotments based upon the cropland method.[2] This decision proved to be much more favorable to the plaintiffs in that they were granted considerably greater allotments of corn, wheat and cotton.

Plaintiffs, however, had been unable to grow the cotton, wheat and corn in the greater allotments during the time of the appeal process and now seek damages for the amount of money that they could have made if they had been allowed to grow the greater allotments of corn, wheat and cotton in the 1985 growing season. Plaintiffs claim that the committee negligently and wrongfully misapplied its own regulations in determining that the historical method should be used to calculate the appropriate allotments. Plaintiff, Brice Brackin, initially sought administrative relief and was denied. Plaintiffs then brought suit under the FTCA.

■ The procedural requisite to suit against the United States is "that the claimant shall first present the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Linda Brackin, plaintiff and joint owner with Brice Brackin of the farm in question, has not filed a separate administrative tort claim in this matter and has never joined in the administrative tort claim filed by plaintiff Brice Brackin. (See affidavit of John M. Trotman, State Executive Director of Alabama ASCS office). Therefore, pursuant to 28 U.S.C. § 2675(a), plaintiff, Linda Brackin, has failed to exhaust administra-

---

1. The scope of review for appeal to the Deputy Administrator is set forth in;

   7 C.F.R. § 780.9 Determination
   (a) The reviewing authority....... Upon reconsideration or review and within program authorities, the reviewing authority may affirm, modify, or reverse any determination made by it initially or made by a lower reviewing authority, or may remand the matter to a lower reviewing authority for such further consideration as is deemed appropriate.

2. In a letter dated August 27, 1986, the Deputy Administrator stated;

Our review of the entire matter, including the information you furnished during the telephone hearing and that provided by the Alabama State ASCS Office, indicates that the bases determined as a result of the history method were not representative of the operations normally carried out on each tract of land during the respective base period for the commodity. Accordingly, the Alabama State Committee is being instructed to determine the bases according to the cropland method.

tive remedies and is due to be dismissed. *See Lykins v. Pointer Inc.*, 725 F.2d 645 (11th Cir.1984); *Employees Welfare Committee v. Daws*, 599 F.2d 1375, 1378 (5th Cir.1979).

Under the FTCA, 28 U.S.C. § 2680(a), an exception to suit against the United States government exists for acts that are considered discretionary.[3] In *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), the Supreme Court outlined the scope of the discretionary function exception to the FTCA. The Court stated:

> It is unnecessary to define, apart from this case, precisely where discretion ends. It is enough to hold, as we do, that the "discretionary function or duty" that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable. *Id.* at 968 (emphasis added).

In the process of making the determination of the proper reconstitution method, the ASCS used various guidelines including 7 C.F.R. part 719 (1987) which sets out various rules for determining which method of reconstitution is appropriate depending on the facts as determined by the county committee. While the language of these guidelines often includes the word *shall,* it is clear that the decision to use one method as opposed to another is based upon numerous factors including a consideration of a method that the parties can agree on. For example 7 C.F.R. § 719.8(e) states:

> Notwithstanding any other provision of this paragraph, the allotments, normal crop acreage and preceding year planted acreage shall be apportioned on the basis of the cropland available for and adapted to the production of the allotment crop, normal crop acreage and preceding year planted acreage on each tract when the owners file with the county office a written agreement as to the amount of available and adapted cropland and the county committee approves such agreement.

In the present case the committee first determined that the parties were unable to agree on any method to use. The committee then set about reviewing documentation regarding prior farming operations on the land and hearing presentations from both sides concerning their views on what was the appropriate method to use. The committee reached the decision that the historical method was the fairest and most equitable method.

The affidavits of the members of the county committee and employees of the county indicate that some time was spent determining which method was appropriate for reconstitution.[4] While the county com-

---

3. Specifically 28 U.S.C. § 2680(a) excepts from FTCA liability;

   .. Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

4. In an affidavit filed in opposition to defendant's motion for summary judgment, plaintiff Brice Brackin claims that he was never asked to participate in the decision as to what method of reconstitution to use. Brackin further states that even if the history method were the appro-priate method to use, which he at all times contests, the determination of the proper reconstitution under this method was done improperly. Brackin vigorously contests the procedure and basis upon which the determination to use the history method was made. Brackin claims that the decision was arbitrary and capricious, but further states that if any discretion was involved it should be deemed an abuse of discretion. Clearly the statute itself states that an abuse of discretion does not make a discretionary function become a ministerial task. ".... This exception applies to policy judgments, even to those constituting abuse of discretion, but not to choices which are either outside the policy-making context or in an area in which federal law directs a particular course of action." *Dickerson v. United States,* 875 F.2d 1577, 1581 (11th Cir.1989).

mittee had guidelines to follow it cannot be said that the decision was based upon "a fixed or readily ascertainable standard." *Alabama Elec. Co-op., Inc. v. United States*, 769 F.2d 1523 (11th Cir.1985). Clearly, the county committee was called upon to exercise some judgment in rendering their decision and it cannot be said that this was not a "permissible exercise of policy judgment." *Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954, 1959, 100 L.Ed.2d 531 (1988). It is only when a "federal statute, regulation, or policy specifically prescribes a course of action for [a Government] employee to follow" that the exception does not apply. *Id.* at 536, 108 S.Ct. at 1958.

The court finds that the decision by the county committee involved sufficient policy judgment that such a decision falls within the statutory exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a). The court further finds that summary judgment is appropriate because "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Celotex*, supra at 322, 106 S.Ct. at 2552.

For the foregoing reasons, the court is of the opinion that the defendant's motion for summary judgment is due to be granted.