996 F.2d 1121
 62 USLW 2076, 39 Fed. R. Evid. Serv. 724
 Robert D. POWERS; Gary W. Swain; Rebecca Graddy, all
individually and on behalf of all persons in
Barbour County, Alabama, similarly
situated, Plaintiffs-Appellants
v.
UNITED STATES of America, Defendant-Appellee.
Joe L. GLENN; Sarah Glenn; William M. Hagan and Ouida
Hagan, and all persons in Montgomery County, Alabama,
similarly situated; Robert E. Street, individually and on
behalf of all persons in Dallas County, Alabama, similarly
situated, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
Johnny CHILDS; Jim H. Strength; Wayne D. Waters; Robert
E. Sachsenheimer; Dwight Riley, Sr.; Rutland Mobile Homes;
Lynwood Rutland; Doris Rutland and Paula Heath, all
individually and on behalf of all persons in Dale County,
Alabama, similarly situated, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
BIG/LITTLE STORES, INC.; R.D. Easters; James Drexel Cook;
Nell Cook; Drexel Cook and Mack Wise (a partnership); Cook
Chevrolet, Inc.; the Peoples Bank; R.G. Heath, d/b/a Heath
Oil Co. and Linda Mills, d/b/a Dixie Printing Company, all
individually and on behalf of all persons in Coffee County,
Alabama, similarly situated, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-6320.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 2, 1993.
 
 M. Roland Nachman, Jr., Balch & Bingham, Montgomery, AL, Maury D. Smith, Joe C. Cassady, Cassady, Fuller & Marsh, Enterprise, AL, for plaintiffs-appellants.
 James Eldon Wilson, U.S. Atty., Montgomery, AL, Kenneth E. Vines, Asst. U.S. Atty., Robert S. Greenspan, Windy M. Keats, U.S. Dept. of Justice, Washington, DC, for defendant-appellee.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before COX and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.
 COX, Circuit Judge:
 
 
 1
 Plaintiffs sued the United States for uninsured flood losses, alleging that the Government had negligently failed to publicize the availability of federally subsidized flood insurance. The district court dismissed the action as barred by 33 U.S.C. § 702c, a statutory provision of sovereign immunity enacted by Congress in connection with the government's construction of flood control projects. See Powers v. United States, 787 F.Supp. 1397 (M.D.Ala.1992).
 
 
 2
 We affirm the judgment of the district court dismissing this action, but for reasons other than those used by the district court. Because we hold that the conduct challenged here is protected by the discretionary function exception to the Federal Tort Claims Act (FTCA), we do not reach the more difficult question of whether the United States is immune under the provisions of 33 U.S.C. § 702c.
 
 I. FACTS AND PROCEDURAL BACKGROUND
 
 3
 Invoking the provisions of the Federal Tort Claims Act, plaintiffs filed this class action against the United States for uninsured losses suffered as a result of flash flooding in five Alabama counties in March 1990.[1] Plaintiffs alleged in their complaints (1) that the National Flood Insurance Act placed a mandatory duty upon the Director of the Federal Emergency Management Agency (FEMA) to publicize the availability of federally subsidized flood insurance; (2) that the Director "totally failed" to perform this duty; and (3) that, as a result, plaintiffs were unaware of the availability of such flood insurance and were uninsured when they suffered flood losses. The Government, pursuant to Federal Rule of Civil Procedure 12(b)(1), moved to dismiss the action for lack of subject matter jurisdiction. The Government contended that these claims were barred by provisions of the Federal Tort Claims Act and that the United States was immune from suit for any liability associated with flood control.
 
 
 4
 The district court granted the Government's motion to dismiss, holding that 33 U.S.C. § 702c preserves the United States's sovereign immunity in this action. See Powers, 787 F.Supp. at 1398, 1401. Section 702c provides that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place." 33 U.S.C.A. § 702c (West 1986). Because the court found the § 702c immunity issue dispositive, it did not address the Government's Federal Tort Claims Act arguments. Plaintiffs appeal.
 
 
 5
 II. ISSUE ON APPEAL AND CONTENTIONS OF THE PARTIES
 
 
 6
 We address one issue: whether the discretionary function exception to the Federal Tort Claims Act bars suit against the United States for the alleged failure to publicize federally subsidized flood insurance.[2] This is an issue of first impression in this circuit.
 
 
 7
 The statute in question authorizes the Director to "from time to time take such action as may be necessary in order to make information and data available to the public." 42 U.S.C.A. § 4020 (West 1977 & Supp.1992). The Government maintains that this provision is a clear statutory grant of discretion and therefore protected by the discretionary function exception to the FTCA. The plaintiffs reply that the discretionary function exception does not apply to their claim because they allege that the Director totally failed to comply with a mandatory statutory duty.
 
 III. STANDARD OF REVIEW
 
 8
 We review de novo a district court's interpretation and application of a statute. Williams v. Homestake Mortgage Co., 968 F.2d 1137, 1139 (11th Cir.1992). We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below. See Young v. Commissioner, 926 F.2d 1083, 1090 (11th Cir.1991) (citing United States v. Arthur Young & Co., 465 U.S. 805, 814, n. 12, 104 S.Ct. 1495, 1501 n. 12, 79 L.Ed.2d 826 (1984)).
 
 IV. DISCUSSION
 
 9
 We begin with this general principle: The United States cannot be sued except as it consents to be sued. See Dalehite v. United States, 346 U.S. 15, 30, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1953). Congress through the provisions of the Federal Tort Claims Act has authorized suit against the United States
 
 
 10
 for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 
 
 11
 28 U.S.C.A. § 1346(b) (West 1976). However, Congress has specifically excepted from the FTCA's limited waiver of sovereign immunity "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C.A. § 2680(a) (West 1965).
 
 
 12
 In Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), the Supreme Court undertook for the first time to describe the contours of this discretionary function exception to the FTCA. The Court noted that Congress intended to protect "the discretion of the executive or the administrator to act according to one's judgment of the best course." Id. at 34, 73 S.Ct. at 967. While declining to define precisely where discretion begins and ends, the Court stated: "Where there is room for policy judgment and decision there is discretion." Id. at 36, 73 S.Ct. at 968.
 
 
 13
 Since Dalehite, the Supreme Court has refined its discretionary function analysis. See United States v. Gaubert, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); Berkovitz by Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). This court, in Autery v. United States, 992 F.2d 1523 (11th Cir.1993), has recently summarized the Supreme Court's analysis. To determine whether challenged government conduct falls within the discretionary function exception, a court must engage in a two-part inquiry. Id. at 1526.
 
 
 14
 First, the court must look to the nature of the challenged conduct and consider whether the conduct involves an element of judgment or choice. Gaubert, 499 U.S. at ----, 111 S.Ct. at 1273; Autery, 992 F.2d at 1526. The exception does not apply where a federal statute or regulation " 'specifically prescribes a course of action for an employee to follow.' " Gaubert, 499 U.S. at ----, 111 S.Ct. at 1273 (quoting Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1958); Autery, 992 F.2d at 1526; see, e.g., Phillips v. United States, 956 F.2d 1071, 1074-77 (11th Cir.1992) (no discretion in Army Corps of Engineers' implementation of mandatory safety responsibilities); Dickerson, Inc. v. United States, 875 F.2d 1577, 1581-82 (11th Cir.1989) (no discretion where EPA policies specifically prescribed course of action for waste removal). Or, as this circuit has stated the converse of this proposition, " 'if a government official in performing his statutory duties must act without reliance upon a fixed or readily ascertainable standard, the decision he makes is discretionary and within the discretionary function exception.' " Alabama Electric Cooperative, Inc. v. United States, 769 F.2d 1523, 1529 (11th Cir.1985) (quoting Miller v. United States, 710 F.2d 656, 663 (10th Cir.), cert. denied, 464 U.S. 939, 104 S.Ct. 352, 78 L.Ed.2d 316 (1983)); see, e.g., Brackin v. United States, 913 F.2d 858, 860-61 (11th Cir.1990) (discretion where guidelines for reconstitution of farmland fixed no readily ascertainable standard); Hart v. United States, 894 F.2d 1539, 1546 n. 8 (11th Cir.), cert. denied, 498 U.S. 980, 111 S.Ct. 509, 112 L.Ed.2d 521 (1990) (discretion where there were no specific mandatory guidelines for the government's identification of the remains of servicemen). The relevant inquiry is whether the controlling statute or regulation mandates that a government agent perform his or her function in a specific manner. See Autery, 992 F.2d at 1528.
 
 
 15
 Second, the court must determine whether the judgment exercised "is of the kind that the discretionary function exception was designed to shield." Gaubert, 499 U.S. at ----, 111 S.Ct. at 1273 (quoting Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1959); Autery, 992 F.2d at 1526-27. By providing an exception from liability for discretionary functions, Congress sought to " 'prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.' " Gaubert, 499 U.S. at ----, 111 S.Ct. at 1273 (quoting Varig Airlines, 467 U.S. at 814, 104 S.Ct. at 2765). The court must decide, therefore, whether the challenged actions taken by a government agent are " 'susceptible to policy analysis.' " Autery, 992 F.2d at 1531 (quoting Gaubert, 499 U.S. at ----, 111 S.Ct. at 1275).
 
 
 16
 Applying these principles, we turn first to the allegations in this case and determine whether the plaintiffs challenge governmental conduct that involves the element of judgment or choice. Because we review here the district court's dismissal of the plaintiffs' complaints for lack of subject matter jurisdiction, we accept the plaintiffs' factual allegations as true. See Gaubert, 499 U.S. at ----, 111 S.Ct. at 1276; Berkovitz, 486 U.S. at 540, 108 S.Ct. at 1960-61. Although a more fully developed factual record might be helpful, we find that one is not necessary. The relevant statutory language and the plaintiffs' allegations clearly indicate that the plaintiffs here challenge "the exercise or performance or the failure to exercise or perform a discretionary function or duty." 28 U.S.C.A. § 2680(a).
 
 
 17
 The plaintiffs seek damages for the alleged failure of the Director of FEMA "to take necessary actions to make information and data available to the public and to publicize widely the availability of the flood insurance program, its coverage and objectives." (R. 1-1 at 4). They invoke 42 U.S.C. § 4020 which provides:
 
 
 18
 The Director shall from time to time take such action as may be necessary in order to make information and data available to the public, and to any State or local agency or official, with regard to--
 
 
 19
 (1) the flood insurance program, its coverage and objectives, and
 
 
 20
 (2) estimated and chargeable flood insurance premium rates, including the basis for and differences between such rates in accordance with the provisions of section 4015 of this title.
 
 
 21
 42 U.S.C.A. § 4020 (West 1977 & Supp.1993). Emphasizing Congress's use of the word "shall," the plaintiffs argue that this statute imposes a "specific mandatory legislative directive" upon the Director of FEMA to publicize federally subsidized flood insurance. Reply Brief of Plaintiffs-Appellants at 7.
 
 
 22
 However, § 4020 follows this "shall " with "from time to time take such action as may be necessary. " Congress has not specifically prescribed a course of action for the Director to follow. Rather, Congress has given the Director of FEMA discretion to decide when and how best to make information and data available to the public regarding federally subsidized flood insurance. The Director must then make these decisions and act without reliance upon a fixed or readily ascertainable standard. The Director's decision clearly involves an element of judgment or choice and therefore involves the exercise of discretion. Cf. Brackin v. United States, 913 F.2d 858, 860 (11th Cir.1990) (holding that guidelines for reconstitution of farmland left room for discretion despite use of the word "shall").
 
 
 23
 Plaintiffs make much of the fact that they allege a "total failure" of the Director to publicize the National Flood Insurance Program. As noted above, in reviewing a motion to dismiss we generally accept the plaintiffs' allegations as true. However, we are not constrained to accept allegations clearly refuted by that which we can judicially notice.[3] The Code of Federal Regulations contains a detailed description of the National Flood Insurance Program, see 44 C.F.R. pts. 59-77 (1992), and notice is provided in the Federal Register when a county enters the program and insurance becomes available in that county. Further, the FEMA Publications Catalog indicates that pamphlets concerning the National Flood Insurance Program were available throughout the 1980s. See Federal Emergency Management Agency, FEMA Publications Catalog (1982, 1985). Plaintiffs' contention that the Director of FEMA has never publicized the National Flood Insurance Program is refuted by matters which we judicially notice. The plaintiffs in effect challenge the manner in which the Director has publicized federally subsidized flood insurance, and in so doing, challenge the exercise of a discretionary function.
 
 
 24
 In their briefs, plaintiffs do not reach the second question of whether the discretion to be exercised by the Director in publicizing flood insurance is of the type that the discretionary function was designed to protect. We hold that it is. By enacting the National Flood Insurance Program, Congress sought to alleviate the economic hardships caused by unforeseen flood disasters. See 42 U.S.C.A. § 4001 (West 1977). Discretionary decisions concerning when and how to best publicize the insurance program necessarily involve consideration of the important economic and social policies underlying the program. The discretionary function exception to the Federal Tort Claims Act protects precisely these types of decisions from "judicial 'second-guessing' ... through the medium of an action in tort." Varig Airlines, 467 U.S. at 814, 104 S.Ct. at 2765.
 
 V. CONCLUSION
 
 25
 We hold that the conduct challenged here falls within the discretionary function exception to the FTCA. Congress has authorized the Director of FEMA to use discretion in making available information regarding federally subsidized flood insurance. Such discretion is of the type Congress sought to protect with the discretionary function exception to the FTCA. Accordingly, we AFFIRM the judgment of the district court dismissing this action for lack of subject matter jurisdiction.
 
 
 26
 AFFIRMED.
 
 
 
 [1]
 The individual plaintiffs initially filed four separate, but virtually identical complaints. The district court consolidated the four cases. [ (R.1-13). For the purposes of this opinion, citations to the complaints are to the complaint found in volume one of the record. (R.1-1).]
 
 
 [2]
 We do not address the Government's contentions (1) that 33 U.S.C. § 702c preserves the sovereign immunity of the United States in this action; (2) that the misrepresentation exception to the FTCA bars this claim, see 28 U.S.C.A. § 2680(h) (West Supp.1993); and (3) that, under the terms of the FTCA, the plaintiffs cannot bring this suit, because a private party would not be liable under like circumstances. See 28 U.S.C.A. § 1346(b) (West 1976)
 
 
 [3]
 By statute, "[t]he contents of the Federal Register shall be judicially noticed." 44 U.S.C.A. § 1507 (West 1991). Federal Rule of Evidence 201 authorizes us to judicially notice facts which are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."