**SUNRISE VILLAGE MOBILE HOME PARK, Plaintiff,**

v.

**PHILLIPS & JORDAN, INC., a North Carolina corporation, and the United States of America, Defendants,**

v.

**STATE OF FLORIDA, Third Party Defendant.**

**No. 94–101–Civil.**

United States District Court, S.D. Florida.

March 4, 1996.

Robert C. Bauroth, Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, FL, for Defendant Phillips & Jordan, Inc.

Lisa B. Hogan, Asst. U.S. Atty., Miami, FL, for the United States.

Joseph L. Raia, Holtzman, Krinzman, Equels & Furia, Miami, FL, for Plaintiff.

HURLEY, District Judge.

***ORDER GRANTING UNITED STATES' MOTION TO DISMISS. GRANTING UNITED STATES' RENEWED MOTION TO DISMISS. TERMINATING UNITED STATES MOTION IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AS MOOT. AND DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES***

This matter comes before the Court upon United States' Motion to Dismiss, filed 11 September 1995, United States' Renewed Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, filed 20 February 1996, and Plaintiff's Motion to Strike, filed 8 August 1995. Plaintiff has filed a memorandum in opposition to the first motion to dismiss, and Defendant United States has replied in support. The renewed motion is merely a reincorporation of the initial motion to dismiss and a recasting of the procedural posture of the argument for summary judgment purposes. The Motion to strike is a pending motion. After review of the case file and the applicable law, and for the reasons stated below, the motions to dismiss are granted, and the Motion to Strike is denied.

■ The United States moves for dismissal of Count III of the complaint. Count III alleges negligence on the part of the United States in the monitoring and supervision of its contractor during debris removal from plaintiffs property in the wake of Hurricane Andrew. Generally, the United States cannot be sued except when it consents because of sovereign immunity. *See Dalehite v. United States,* 346 U.S. 15, 30 & n. 22, 73 S.Ct. 956, 965 & n. 22, 97 L.Ed. 1427 (1953). As a count for negligence, the count necessarily arises, if at all, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.,* and the express waiver of sovereign immunity that the FTCA contains. *see Dalehite,* 346 U.S. at 31 & n. 25, 73 S.Ct. at 965 & n. 25 ("petitioners obtain their 'right to sue from Congress' "); *see also* 28 U.S.C. § 2674; 28 U.S.C. § 1346(b). If, however, the count falls within one of the exceptions to the FTCA's waiver of sovereign immunity, then the claim must be dismissed for lack of subject matter jurisdiction. *Powers v. United States,* 996 F.2d 1121 (11th Cir.1993) (dismissing claim against United States for negligently failing to conform to the National Flood Insurance Act because Government's action fell under the discretionary function exception). It is the United States' contention, *inter alia,* that this count falls within the discretionary function exception of the FTCA, 28 U.S.C. § 2680(a), and should therefore be dismissed for lack of subject

matter jurisdiction. In addition, the United States also argues that the contractor's actions complained of here fall within other exceptions to the FTCA and under the blanket immunity for disaster relief activities under section 305 of the Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5148.

In opposition, Plaintiff reminds the Court that the liberal pleading standards of Federal Rule of Civil Procedure Rule 8 do not require allegations beyond a plain statement of the alleged tort to withstand a motion to dismiss. Plaintiff suggests that the applicability of the discretionary function exception is a question of fact which does not have to be, and cannot be, resolved on the face of the complaint. In Plaintiff's view of federal pleading and practice, the exception is more akin to an affirmative defense to be proven by the Government after discovery has commenced on the issue. in support of this thesis, Plaintiff relies on a 1981 FTCA case from the District of Utah, *Allen v. United States,* 527 F.Supp. 476 (D.Utah 1981).

The resolution of these motions turns on an understanding of the limitations on federal court jurisdiction inherent in the exceptions to the FTCA. The discretionary function exception provides that the FTCA's waiver of sovereign immunity shall not apply to "[a]ny claim based upon ... the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Whether a particular function is discretionary is determined by a two part test. First the nature of the challenged government conduct must involve an element of judgment or choice. *Powers,* 996 F.2d at 1124 (citations omitted). Second, the judgment or choice exercised, if any, must be grounded in social, economic, and political policy of the sort that Congress sought to shield or protect from "second-guessing." *Id.* at 1125 (citations omitted). This test derives from a long line of precedent defining the role of the discretionary function exception. *See United States v. Gaubert,* 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Berkovitz v. United States,* 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988); *United*

*States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984); *Autery v. United States,* 992 F.2d 1523 (11th Cir.1993), *cert. denied,* 511 U.S. 1081, 114 S.Ct. 1829, 128 L.Ed.2d 458 (1994). The essential principle is that where a regulation or statute authorizes a federal agency or employee to make decisions of a policy nature, the decisions are immune from judicial review because of the need to avoid seriously handicapping efficient government operations. *United States v. Muniz,* 374 U.S. 150, 163, 83 S.Ct. 1850, 1858, 10 L.Ed.2d 805 (1963); *see also Dalehite,* 346 U.S. at 34, 73 S.Ct. at 967. So strong is this immunity that it extends even to unauthorized or negligent abuses of power. 28 U.S.C. § 2680(a); *Autery,* 992 F.2d at 1528.

As Plaintiff suggests, what remains unclear about the discretionary function exception is who has the burden of proof. The Eleventh Circuit has expressly reserved ruling on this issue. *Autery,* 992 F.2d at 1526 n. 6. Plaintiff, citing the liberal pleading policy of the federal rules, suggests that the burden is on the Government, much akin to an affirmative defense. As support for this approach, Plaintiff cites *Allen v. United States,* 527 F.Supp. 476 (D.Utah 1981). In *Allen,* the court faced an action pursuant to the FTCA for injuries from open-air nuclear weapons testing. *Id.* at 478. The Government moved to dismiss under the discretionary function exception and thus put the issue of the burden of proof squarely before the court. *Id.* After reviewing the case law on the applicability of the discretionary function exception, the *Allen* court analogized the exception to an affirmative defense going to the element of duty. *Id.* at 486–87. Accordingly, the *Allen* court denied the Government's motion to dismiss in favor of a "trial in plenary fashion with full benefit of the discovery process and the honing effect of the pretrial conference." *Id.*

Central to the court's holding in *Allen* was the conclusion that the Government's conduct in its entirety was not so "fundamentally imbued with considerations of public policy as to be immunized from judicial scrutiny under the principles of separation of powers as embodied in the discretionary function exception." *Id.* at 485–86. The implication

is that, even at the time of *Allen,* certain considerations of public policy were immunized on the face of the complaint without any additional proof by the Government. Subsequently, the Eleventh Circuit has upheld dismissals for lack of subject matter jurisdiction where the face of the complaint shows the challenged government conduct to be of a nature that Congress intended to shield from court review. *See Powers,* 996 F.2d at 1125–26(holding Government actions pursuant to the National Flood Insurance Act discretionary); *see also Mesa v. United States,* 837 F.Supp. 1210, 1216–17 (S.D.Fla.1993), *appeal dismissed,* 61 F.3d 20 (1995) (dismissing claims because mode and manner of executing an arrest warrant is discretionary as a matter of law).

In considering the burden of proof issue when a statute, regulation, or agency guideline allows a Government agent to exercise discretion, the U.S. Supreme Court has ruled: "For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Gaubert,* 499 U.S. at 325, 111 S.Ct. at 1275 (remanding case for dismissal of FTCA claims that challenged government action in the exercise of policy-imbued discretion). Thus, in cases where the regulatory scheme expressly or impliedly confers policy-imbued decisions to the discretion of a federal agency, the burden is on the plaintiff to allege non-discretionary acts that give rise to liability. Such a rule has the salutary effect of restricting discovery to cases in which a district court has a least a facial basis for exercising jurisdiction and of preserving government resources for governance rather than litigation. As will be explained below, the statutory scheme surrounding debris removal after a major disaster is exactly the sort of policy level conferral of discretion that, on its face, places the burden on Plaintiff to allege facts sufficient to support jurisdiction.

In evaluating the first prong of the discretionary function test, "[t]he relevant inquiry is whether the controlling statute or regulation mandates that a government agent perform his or her function in a specific manner." *Powers,* 996 F.2d at 1125. In the

aftermath of a disaster such as Hurricane Andrew, Federal agencies, at the direction of the President, are explicitly authorized by the Disaster Relief and Emergency Assistance Act ("Stafford Act") to remove debris. *See* 42 U.S.C. § 5173. There appears to be no dispute between the parties that the agencies alleged to be at fault in this action, the Federal Emergency Management Agency ("FEMA") and the Army Corps of Engineers, acted within such authority when contracting for debris removal. The authority clearly leaves room for agency judgment on which property should be cleared, whether to include private property in the cleanup, and whether to use federal instrumentalities or to make grants to states, local governments or to private nonprofit facilities to effectuate the cleanup. Se *Id.* In the absence of a *"fixed or readily ascertainable standard"* for guiding government conduct, government decisions are discretionary. *Powers,* 996 F.2d at 1124 (citation omitted) (emphasis in original); *See Gaubert,* 499 U.S. at 322–24, 111 S.Ct. at 1273–74. Thus, under the Stafford Act, the Government's decisions regarding debris removal satisfy the first prong of the discretionary function test. Prior cases in this district have so held on similar facts. *See Robert K Ames Farms v. United States,* 94–1448–Civ–Moreno (S.D.Fla. Mar. 1, 1995) (dismissing suit for damages to property as a result of debris placement and removal after Hurricane Andrew); *B & D Farms Inc. v. United States,* 94–1449 –Civ–Marcus (S.D.Fla. Dec. 21, 1994) (dismissing suit for damages to property as a result of debris removal after Hurricane Andrew).

This district's precedent also holds that the Government's decisions on when, where, and how to remove debris after a major disaster are exactly the sort of policy-imbued decisions that fall within the second prong of the discretionary function exception. *See Robert K. Ames, supra; B & D Farms, supra.* "Implicit in this statute are the policies of protecting public safety and health and restoring order following a national disaster." *B & D Farms, supra,* slip op. at 10. No facts beyond the bare allegations of the complaint are required in this case to establish that the actions challenged context of debris removal implicate the second prong of the discretionary exception test. Thus, they

fall squarely within the discretionary function exception to the FTCA and are shielded from second-guessing in court.

Not having alleged any acts of negligence unrelated to debris removal, Plaintiff has failed to challenge any actions that are subject to the FTCA. Without the FTCA's waiver of immunity to save this negligence claim, the Court must dismiss Count III for lack of subject matter jurisdiction. The Court need not reach the United States' other bases for immunity. Accordingly, it is hereby

**ORDERED** and **ADJUDGED** as follows:

1. United States' Motion to Dismiss is **GRANTED.**

2. United States' Renewed Motion to Dismiss is **GRANTED.**

3. United States' Motion in the Alternative for Summary Judgment is **TERMINATED** as **MOOT.**

4 Plaintiffs Motion to Strike Affirmative Defenses is **DENIED** based upon the need for a fuller record.