[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2007
THOMAS K. KAHN
CLERK

No. 06-15650

D. C. Docket No. 05-02532 CV-RWS-1

V. STEPHEN MOORE,

Plaintiff-Appellant,

versus

ACCENTURE, LLP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 9, 2007)**

Before EDMONDSON, Chief Judge, CARNES and FAY, Circuit Judges.

PER CURIAM:

This case is the third in a series of lawsuits filed by V. Stephen Moore ("Plaintiff") against his employer Accenture, LLP ("Defendant"). In the current round of litigation, Plaintiff alleges that Defendant has discriminated against him on account of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq., and on account of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq. Plaintiff's main contention is that Defendant refused to accommodate Plaintiff's request to return to work after an extended leave of absence. The district court dismissed Plaintiff's claims for want of subject matter jurisdiction under Rule 12(b)(1): Plaintiff lacked standing because he suffered no injury in fact. Plaintiff now appeals. We affirm, although we do so on other grounds.

**Background**

Plaintiff worked for Defendant from 1987 until he became disabled in 1992. Then, Defendant accommodated Plaintiff's disability by placing him on leave of absence, which allowed him to keep his health, dental, and life insurance coverage. Defendant also assured Plaintiff that he would continue to receive the benefits "for as long as the disability lasted." But, in 2002, Defendant issued a

new policy memorandum informing Plaintiff and other disabled employees on long-term leave of absence that they must return to work by 1 January 2005 or their employment, as well as their insurance coverage, would be terminated.

In March 2004, Plaintiff's counsel sent a letter[1] to Defendant alleging ADA violations and demanding that Defendant grant one of three proposed accommodations: (1) Plaintiff remains on leave of absence under the old policy, which would allow him to retain his employment and insurance benefits; (2) Plaintiff returns to work with reasonable accommodation; or (3) Plaintiff receives a severance package that would defray the costs of his ongoing health care. At Defendant's request, Plaintiff provided a letter from his physician stating that Plaintiff could perform work on a limited, part-time basis but that a description of the applicable position was needed before the physician could clear Plaintiff for work. Defendant, however, has not provided job descriptions to Plaintiff's physician or otherwise identified potentially available positions for Plaintiff. Despite Plaintiff's request for accommodation, Defendant did not offer Plaintiff a position that would accommodate his disability and did not even engage in the interactive process of determining whether such a position was available.

---

[1]Plaintiff relies on this letter, to which he refers in his complaint, as proof of his demand that he be allowed to return to work with reasonable accommodation. A copy of the letter was attached to Plaintiff's Response to Defendant's Motion to Dismiss.

After filing charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff filed a putative class action against Defendant in October 2004, alleging that the new policy violated the Employment Retirement Income Security Act ("ERISA"). Moore v. Accenture, LLP, No. 1:04CV3116-TWT (N.D. Ga. filed Oct. 25, 2004) ("Moore I"). But, before Defendant was served with the complaint, Plaintiff voluntarily dismissed the suit on 8 December 2004. The next day, Defendant began notifying its disabled employees who were on leave of absence, including Plaintiff, that they would not be terminated under the new policy, but would instead retain their leave of absence status under the old policy.

Even so, on 21 December 2004, Plaintiff filed a second class action suit against Defendant, seeking a declaratory judgment that the new policy, as formerly applied, violated ERISA. Moore v. Accenture, LLP, No. 1:04CV3717-TWT (N.D. Ga. May 6, 2005) ("Moore II"). The complaint stated that, although the "underlying issues in this matter [had] been resolved by Defendant," the purpose of filing suit was "to obtain attorney fees from Defendant based upon [the class action Plaintiffs] obtaining substantial equitable relief." Id. at *1 (alteration in original). The district court granted Defendant's motion to dismiss on grounds

that Plaintiff lacked standing – that is, injury in fact – to challenge the new policy because it no longer applied to him. Id. at *4.

In September 2005, after the EEOC declined to litigate his ADA and ADEA claims, Plaintiff brought the suit at issue here ("Moore III"). Plaintiff asserts that Defendant discriminated against him on the basis of his disability and age by refusing to accommodate his March 2004 request to return to work with reasonable accommodation or to find some other alternative to his eventual termination under the new leave of absence policy. Plaintiff specifically alleged that Defendant denied him (1) access to Defendant's disability accommodation process, (2) an alternative to his eventual termination, (3) job descriptions for available positions, and (4) an accommodated position. Summarizing his complaint, Plaintiff claims that "[Defendant] essentially refused to enter into the interactive process of determining whether an accommodated position was available for [Plaintiff]."

Defendant filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6), arguing that Plaintiff again lacked standing to file suit and also that his complaint failed to state a claim. The district court dismissed the entire complaint for lack of subject matter jurisdiction under Rule 12(b)(1). The court reasoned that Plaintiff could not establish an injury in fact – and therefore lacked standing to bring suit --

because Defendant "never failed to provide the accommodation which [Plaintiff] had previously received and which, when notified of its termination, [Plaintiff] requested be continued." The district court also dismissed Plaintiff's claim under the ADEA[2] and denied as moot Plaintiff's motion to disqualify Defendant's counsel.

**Discussion**

Plaintiff's main contention is that Defendant failed to engage in the interactive process required by the ADA to determine a mutually agreeable accommodation for his disability. In particular, Plaintiff argues that Defendant failed to accommodate his request, as set forth in his March 2004 letter to Defendant, that he be returned to work in an accommodated position with pay. We disagree with the district court's conclusion that Plaintiff's claim does not present injury in fact for the purpose of constitutional standing. As long as Defendant had a legal duty under the ADA to engage in the interactive process of finding Plaintiff an accommodated position, its failure to engage in that process would create an injury in fact that is both concrete and specific. See Williams v.

_____

[2]Plaintiff does not appeal the dismissal of his ADEA claim.

Bd. of Regents, 477 F.3d 1282, 1302 (11th Cir. 2007) (stating that injury in fact "arises from the invasion of a <u>legally protected interest</u> that is sufficiently concrete and particularized, and not abstract and indefinite" (emphasis added)).

By "conflating the standing inquiry with resolution of the merits," the district court improperly relied on standing analysis to dismiss Plaintiff's claim under Rule 12(b)(1), even though the dispositive issue went to the merits. <u>See</u> <u>Wooden v. Bd. of Regents</u>, 247 F.3d 1262, 1280 (11th Cir. 2001) ("[Standing] is a threshold determination that is conceptually distinct from whether the plaintiff is entitled to prevail on the merits."). The issue was not whether Plaintiff was injured by Defendant's refusal to engage in the interactive process of determining a reasonable accommodation; instead, the issue was whether Defendant had a legal duty to do so. Thus, rather than dismissing Plaintiff's claim for lack of standing, the district court should have examined whether, accepting Plaintiff's allegations as true, his complaint stated a claim for relief under the ADA pursuant to Rule 12(b)(6). <u>See</u> <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 925 (11th Cir. 2003) ("If a jurisdictional challenge does implicate the merits of the underlying claim then: '[T]he proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case . . . .'" (alteration in original)).

7

We are not bound by the district court's reasoning, however. Even if the district court erred by dismissing Plaintiff's claims for lack of standing, we may still affirm its decision on different grounds. See, e.g., Powers v. United States, 996 F.2d 1121, 1123 (11th Cir. 1993) ("We affirm the judgment of the district court dismissing this action, but for reasons other than those used by the district court."). To the extent, therefore, that Plaintiff's claim is based on Defendant's failure to engage in the interactive process of finding a reasonable accommodation for Plaintiff to return to work, we conclude that Plaintiff's complaint fails to state a claim for which relief may be granted.

Under the ADA, "[a]n employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide 'reasonable accommodations' for the disability – unless doing so would impose undue hardship on the employer." Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001) (citing 42 U.S.C. § 12112(b)(5)(A)). Plaintiff does not allege, however, that his current arrangement, which allows Plaintiff to remain on extended leave of absence while retaining his insurance benefits, is less than a reasonable accommodation. Plaintiff's own complaint acknowledged that "[a]fter [Plaintiff] became disabled, [Defendant] accommodated [Plaintiff], pursuant to its obligations under the ADA, by placing him on a leave of absence." Instead,

8

Plaintiff argues that Defendant violated the ADA by refusing to accommodate, through the interactive accommodation process, Plaintiff's additional request for a formal paid position.

To establish an ADA violation, it is not enough to show that Defendant – while granting a reasonable and full accommodation – denied a different requested accommodation. We have made clear "that an employer is not required to accommodate an employee in any manner in which that employee desires." Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir. 1997) (internal quotation marks omitted). Stated more plainly, "a qualified individual with a disability is not entitled to the accommodation of her choice, but only to a reasonable accommodation." Id. at 1286 (internal quotation marks omitted). Absent an allegation that Plaintiff's ongoing arrangement with Defendant was unreasonable,[3] we cannot conclude that Defendant had an obligation to offer Plaintiff a paid position or to engage otherwise in the interactive process of finding a reasonable accommodation for Plaintiff. Cf. Willis v. Conopco, Inc., 108 F.3d 282, 285 (11th Cir. 1997) (observing that the ADA

---

[3]Plaintiff's March 2004 letter to Defendant requesting one of three potential accommodations, the first of which included the option of allowing Plaintiff to retain his leave of absence status, buttresses the notion that Plaintiff's current arrangement, whereby he remains on leave of absence, is reasonable. In effect, by allowing Plaintiff to remain on leave of absence and thereby retain his insurance benefits, Defendant afforded Plaintiff his first choice of potential accommodations.

does not "require an 'interactive process' such that an employer can be held liable merely for failing to engage in the process itself (regardless of whether a 'reasonable accommodation' could in reality have been made for the employee)"). Plaintiff's complaint fails, therefore, to state a claim for relief under the ADA.

## Conclusion

Because Defendant afforded Plaintiff reasonable accommodation by allowing him to remain on leave of absence and thus to retain his insurance benefits, we conclude that Defendant had no duty under the ADA to provide Plaintiff with his choice of a different accommodation. To the extent, then, that Plaintiff alleges that Defendant violated the ADA by denying him a paid position or by refusing to engage in the interactive process of finding a reasonable accommodation for Plaintiff to return to work, Plaintiff's complaint fails to state a claim for which we may grant relief. Accordingly, we affirm the district court's decision to dismiss Plaintiff's claim, although we do so under Rule 12(b)(6).[4]

---

[4]Plaintiff also moved in district court to disqualify Defendant's counsel because, according to Plaintiff, Defendant's counsel was likely to be a witness in the case. Because the district court correctly dismissed Plaintiff's complaint, we also conclude that the district court properly dismissed as moot Plaintiff's motion to disqualify Defendant's counsel.

10

**AFFIRMED.**