[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10849
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cv-14225-DLG

SIEGFRIED G. CHRISTMAN,

Plaintiff-Appellant,

versus

RALPH HOLMES,
In his Personal Capacity Police Officer, Fort Pierce Police Dept.,
ALFONSO JOHNSON,
In his Personal Capacity, President and Registered Agent William & Johnson Inc.,
HARRY W. BUCKLEY,
President of Jackson Hewitt Tax Services, Inc.,

Defendants-Appellees,

MICHAEL C. YERINGTON,
In his Personal Capacity, President and CEO Jackson Hewitt Inc.,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2011)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Siegfried Christman appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6). After review, we affirm.[1]

In his pro se amended complaint, Christman alleged that: (1) pursuant to a contract with Defendants Alphonso Johnson and Harry Buckley, a franchisee and the President of Jackson Hewitt, Inc., respectively, Christman managed a Jackson Hewitt seasonal tax location in a Walmart and prepared tax returns; (2) because the Walmart kiosk had limited space, Christman stored tax records at his home; (3) on February 4, 2009, Christman's contract was mutually terminated with the understanding that the tax files would be picked up from his residence on February 8, 2009; and (4) Defendants Johnson and Buckley had a Jackson Hewitt office manager file a false police report accusing Christman of theft of trade secrets and burglary of a structure.

---

[1]We review de novo a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1056-57 (11th Cir. 2007). In doing so, we view the complaint in the light most favorable to the plaintiff, and accept as true all of the plaintiff's well-pleaded facts. Id. at 1057.

Christman's complaint further alleged that: (1) on February 8, 2009, Defendant Ralph Holmes, an officer with the Fort Pierce Police Department, arrested Christman at his residence, took the tax files without a search warrant, filed a fraudulent arrest affidavit and charged Christman with theft of trade secrets, burglary of a structure, and resisting an officer; (2) Officer Holmes did not investigate Johnson's and Buckley's charges with Walmart security before arresting Christman; and (3) the state prosecutor thereafter filed a No Information, dropping all charges without a hearing or arraignment because "none of the allegations given to the police by Jackson Hewitt can be substantiated."

Christman's complaint asserted claims of false arrest, malicious prosecution and conspiracy to deprive him of his constitutional rights.

Under Rule 12(b)(6), a district court may dismiss a complaint that fails to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). "In assessing the sufficiency of the complaint's allegations, we are bound to apply the pleading standard articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)." Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Under this standard, the plaintiff's complaint "must . . . contain sufficient factual matter,

3

accepted as true, to 'state a claim to relief that is plausible on its face.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). This standard "requires more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action" to constitute a short and plain statement of the claim under Federal Rule of Civil Procedure 8. Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009).[2]

Christman's complaint alleged two arrest-related claims against Defendant Officer Holmes, namely that Officer Holmes: (1) made false statements in an arrest affidavit, and (2) arrested Christman without a warrant or probable cause. As a state actor, Officer Holmes is entitled to qualified immunity if he was performing a discretionary function and the alleged conduct did not violate a clearly established statutory or constitutional right. See Andujar v. Rodriguez,

---

[2]In dismissing Christman's complaint, the district court relied upon the "no set of facts" standard of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). That standard was "retired" by the Supreme Court in Twombly. See Am. Dental Ass'n, 605 F.3d at 1288 (citing Twombly, 550 U.S. at 563, 127 S. Ct. at 1969). We nonetheless affirm because even under the Twombly/Iqbal standard, Christman's complaint was properly dismissed. See Powers v. United States, 996 F.2d 1121, 1123-24 (11th Cir. 1993) (explaining that this Court may affirm on any ground supported by the record even if it was not relied upon by the district court).

4

486 F.3d 1199, 1202 (11th Cir. 2007). The parties do not dispute that Officer Holmes was performing a discretionary function. Thus, to defeat qualified immunity, (1) Christman's complaint needed to allege facts that, when viewed in the light most favorable to Christman, established a constitutional violation, and (2) the constitutional right needed to be clearly established on the date of the alleged violation. Id. at 1202-03.

Christman's complaint alleged that Officer Holmes either knowingly or recklessly made false statements in an arrest affidavit. See Kelly v. Curtis, 21 F.3d 1544, 1554 (11th Cir. 1994) (stating that the Constitution prohibits a police officer from making knowingly or recklessly false statements in support of warrants). However, Christman did not allege any facts—such as what false statements Officer Holmes made, how they were material to probable cause or how Officer Holmes knew or should have known they were false—to support what amounted to a "formulaic recitation of the elements." See Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Thus, Christman's allegation about the arrest affidavit is not enough to state a claim.

Christman's complaint also alleged that Officer Holmes arrested him based on a criminal complaint filed by Jackson Hewitt's office manager that falsely accused Christman of burglary of a structure (presumably the kiosk at Walmart)

5

and theft of trade secrets (presumably material in the tax files at Christman's residence). A warrantless arrest violates the Fourth Amendment when there is no probable cause, Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003), but an officer may rely on a victim's criminal complaint to support probable cause. Rankin v. Evans, 133 F.3d 1425, 1441 (11th Cir. 1998); see also Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 119 (11th Cir. 1995) ("An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with a crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity.").

Moreover, an officer needs only arguable probable cause to be entitled to qualified immunity. Skop v. City of Atlanta, 485 F.3d 1130, 1137 (11th Cir. 2007). Arguable probable cause exists when a reasonable officer in the same circumstances and with the same knowledge as the defendant could have believed that probable cause existed to arrest. Id.

Here, Christman's complaint alleged that Officer Holmes relied on a criminal complaint to support probable cause to arrest Christman. The complaint did not allege any facts suggesting that Officer Holmes's reliance on the criminal complaint was unreasonable. Absent such allegations, Christman's false arrest claim fails as a matter of law.

As for the malicious prosecution claim against all three Defendants, Christman's complaint alleges that the state prosecutor filed a No Information before any hearing or arraignment. To state a federal claim of malicious prosecution, the plaintiff must allege, <u>inter alia</u>, the elements of the common law tort of malicious prosecution, one of which is the commencement of an original judicial proceeding against the plaintiff. <u>Kingsland v. City of Miami</u>, 382 F.3d 1220, 1234 (11th Cir. 2004). However, in the case of warrantless arrest, the judicial proceeding does not commence until arraignment or indictment, and a plaintiff cannot make out a malicious prosecution claim merely for his arrest. <u>Id.</u> at 1235. Because the allegations in Christman's complaint establish that Christman was arrested but not arraigned, he did not state a federal (or state) malicious prosecution claim.[3]

Finally, given that Christman's complaint did not allege an underlying constitutional violation, it necessarily failed to allege a § 1983 conspiracy. <u>See</u> <u>NAACP v. Hunt</u>, 891 F.2d 1555, 1563 (11th Cir. 1990) (explaining that a plaintiff alleging a § 1983 conspiracy must show an "actionable wrong," and concluding

---

[3]Although Christman's complaint alleged that Defendant Officer Holmes conducted a warrantless search of his home and seized tax files, Christman's appellate brief did not offer any legal argument on this issue. Thus, Christman abandoned this claim. <u>See</u> <u>Greenbriar, Ltd. v. City of Alabaster</u>, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (stating that issues merely identified but not argued on the merits are deemed waived).

7

that, because the plaintiff's underlying malicious prosecution claim failed, its conspiracy claim also failed). Moreover, Christman's complaint did not allege that Officer Holmes reached an understanding with Johnson and Buckley to violate Christman's rights. Instead, the complaint alleged only that Johnson and Buckley filed a false criminal complaint and used the Fort Pierce Police Department to have Christman arrested. See Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., 956 F.2d 1112, 1122 (11th Cir. 1992) (stating that to establish a § 1983 conspiracy claim between state and private actors, the plaintiff must prove that the defendants "reached an understanding" to deprive the plaintiff of his rights (quotation marks omitted)). Because Christman's conspiracy claim was not supported by any facts in the complaint, the district court properly dismissed it.

For all of these reasons, we affirm the district court's dismissal of Christman's § 1983 complaint.[4]

**AFFIRMED.**

---

[4]We reject the Defendants' argument that Christman's notice of appeal was untimely. Christman's timely filed motion under Federal Rule of Civil Procedure 60 tolled the time for filing his notice of appeal. See Fed. R. App. P. 4(a)(4)(A)(vi). The district court denied the Rule 60 motion on January 21, 2011. Because thirty days thereafter was a Sunday and the following day was Washington's Birthday, Christman's notice of appeal was not due until February 22, 2011, the day he filed it. See Fed. R. App. P. 26(a)(1)(C), (a)(6)(A).