[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13113

_____

D.C. Docket No. 1:17-cv-00077-AT


W.A. GRIFFIN, MD,

                                                            Plaintiff-Appellant,

versus

AETNA HEALTH INC.,
COVENTRY HEALTHCARE OF
GEORGIA, INC.,

                                                            Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 24, 2018)

Before TJOFLAT and JORDAN, Circuit Judges, and HINKLE,[*] District Judge.

HINKLE, District Judge:

Dr. W.A. Griffin, a dermatologist, brought this action against Coventry Healthcare of Georgia and a related entity, Aetna Health Inc., to collect statutory penalties under the Employee Retirement and Income Security Act, 29 U.S.C. § 1001 et seq. The district court dismissed the action as outside the statute of limitations. We affirm, but on other grounds. *See Powers v. United States*, 996 F.2d 1121, 1123 (11th Cir. 1993) (holding that a judgment may be affirmed on a basis different from that adopted by the district court).

Dr. Griffin's claims arise out of treatment she provided to five patients, each of whom was a member of an employer-sponsored health plan governed by ERISA. Each patient assigned the right to benefits to Dr. Griffin, and Dr. Griffin submitted a claim to Coventry for the cost of treatment. Dr. Griffin asserts that Coventry was the plan administrator. Coventry paid a portion of each claim. Dr. Griffin appealed and asked for a copy of the summary plan description. Coventry did not provide the summary plan description and still has not done so.

ERISA requires a "plan administrator" to provide a "summary plan description" upon written request of a plan participant or beneficiary. 29 U.S.C.

---

[*] Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

§ 1024(b)(4). ERISA gives a plan participant or beneficiary a civil cause of action against a plan administrator who fails to provide a summary plan description within 30 days. *Id.* § 1132(a), (c). A plan participant or beneficiary may collect monetary penalties from a noncomplying plan administrator of up to $100 per day. *Id.*

Dr. Griffin brought an earlier action under this statute against Coventry and Aetna arising from the treatment of these same patients. There, too, Dr. Griffin claimed that Coventry owed her statutory penalties for failing to provide a copy of the summary plan description. The district court dismissed the claim, holding that the patients did not assign their rights to sue under ERISA for statutory penalties. *See Griffin v. Aetna Health Inc.*, No. 1:15-cv-3750-AT (N.D. Ga. June 2, 2017). The district court interpreted the assignments as conferring only the right to receive benefits. Dr. Griffin did not appeal.

After dismissal, Dr. Griffin obtained a second assignment from each patient that explicitly conferred the right to sue for statutory penalties. Each new assignment purported to "retroactively" convey the right to sue for statutory penalties.

The parties disagree on whether a person may "retroactively" assign rights against a third person. But that framing of the issue misses the forest for the trees.

The critical question is whether Coventry violated the statute by denying Dr. Griffin's request for the summary plan description. The answer is no.

The explanation is this. When Dr. Griffin requested the summary plan description, she had no right to it. The district court settled this issue in the earlier lawsuit, and Dr. Griffin did not appeal. She does not challenge that ruling in this case. The *patients* had a right to the document at the time of Dr. Griffin's request, but the patients did not request the document.

This means that when Coventry failed to provide the summary plan description to Dr. Griffin, Coventry did not violate the statute. Dr. Griffin *later* obtained assignments of the right to request a copy, but she did not again request a copy. So even if, as Dr. Griffin asserts, the new assignments conveyed any right the patients had to statutory penalties, this makes no difference, because the patients had no right to statutory penalties. They had never requested or been denied a copy of the summary plan description.

In sum, because Coventry did not fail to provide a copy of the summary plan description in response to a request by a person who was entitled to a copy at the time of the request, Coventry did not violate the statute. Coventry is not liable for statutory penalties for violations it did not commit.

4

This holding makes it unnecessary to address the other grounds on which Coventry and Aetna moved to dismiss. The statute of limitations for an ERISA claim of this kind is borrowed from state law. Relying on circuit precedent, the district court applied a one-year limitations period. *See Harrison v. Digital Health Plan*, 183 F.3d 1235, 1238 n.1 (11th Cir. 1999); *see also Cummings v. Wash. Mut.*, 650 F.3d 1386, 1391 n.4 (11th Cir. 2011). Dr. Griffin asserts those decisions did not survive the Georgia Supreme Court's decision in *Western Sky Financial v. State ex rel. Olens*, 300 Ga. 340, 793 S.E.2d 357 (2016). Because, as set out above, this complaint was properly subject to dismissal on the merits, we need not decide whether the limitations period for an ERISA claim for statutory penalties in Georgia is one year, *see* O.C.G.A. § 9-3-28, or six years, *see* O.C.G.A. § 9-3-24, or twenty years, *see* O.C.G.A. § 9-3-22. We also need not decide whether Coventry was the plan administrator.

For these reasons, the judgment dismissing this action is affirmed.