**Pedro Pablo MESA, Mercedes Mesa, Maria Luz Galdeano, Carlos Galdeano and David Galdeano, a minor, Plaintiffs,**

v.

**The UNITED STATES of America, Michael Dolan, Jaime Camacho and John Does I through V, Defendants.**

No. 92–2858–Civ.

United States District Court, S.D. Florida.

Oct. 29, 1993.

David James Smith, Kaufman Miller, et al., Miami, FL, for plaintiffs.

Pierre R. St. Hilaire, Civ. Div., U.S. Dept. of Justice, Washington, DC, for defendants.

*AMENDED ORDER*

MARCUS, District Judge.

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss or in the alternative for Summary Judgment as to Count II of the Complaint, and Plaintiffs' Third Motion for Enlargement of Time in which to serve Defendants. For the reasons set forth at length below, Defendants' Motion to Dismiss Count II is GRANTED, Defendants' Motion for Summary Judgment as to Count II is DENIED AS MOOT, and Plaintiffs' Third Motion for Enlargement of Time in which to serve Defendants is GRANTED. Plaintiffs shall have thirty (30) days from the date of this order in which to serve Defendants.

Plaintiffs Pedro Pablo Mesa, Mercedes Mesa, Maria Luz Galdeano, Carlos Galdeano, and David Galdeano (collectively hereinafter "Plaintiffs") filed this action against the United States under the Federal Torts Claims Act, 28 U.S.C. § 2671 *et seq.* (hereinafter "FTCA"), and against individual DEA agents and others for constitutional violations under the Federal common law, including *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiffs's Complaint contains seven counts: Count I alleges negligence in the procurement of a warrant; Count II alleges negligence in the execution of a warrant; Count III alleges assault and battery; Count IV alleges false imprisonment; Count V alleges intentional infliction of emotional distress; Count VI alleges invasion of privacy; and, finally, Count VII alleges a *Bivens* action against the individual Defendants.

Procedurally, the Defendants filed a motion to dismiss or in the alternative for summary judgment as to Counts I through VI. Plaintiffs responded, Defendants replied, and extensive argument was taken on June 8, 1993. At that time, this Court granted Plaintiffs' motion to file a surreply, limiting the scope of the surreply to one question: Why is this case not a quintessential example of governmental discretion in enforcing the criminal law? Pursuant to the agreement of the parties, on June 23, 1993, this Court dismissed Count I; we also denied Defendants' motion to dismiss or in the alternative

for summary judgment as to Counts III through VI without prejudice to renew after the completion of discovery. Plaintiffs filed a timely and unopposed motion for enlargement of time in which to serve the individual Defendants on April 15, 1993, which this Court granted. On May 4, 1993, this Court granted an enlargement of time in which to serve the three (3) unidentified DEA agents. Plaintiffs moved on August 24, 1993 for an additional 60 days in which to locate and serve the individual Defendants. The individual defendants, Michael Dolan and Jaime Camacho, oppose this motion. Accordingly, the only motions pending before the Court are Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment as to Count II, and Plaintiffs' Third Motion for Enlargement of time in which to serve Defendants.

## I.

The essence of Plaintiffs' claim in Count II is that the Defendant DEA agents negligently or recklessly executed an arrest warrant issued by court order for the arrest of Pedro Pablo Mesa. Plaintiffs do not dispute that there was a valid arrest warrant for a Pedro Pablo Mesa, nor do they dispute that the DEA agents arrested a Pedro Pablo Mesa. However, they claim that the DEA agents arrested the wrong Pedro Pablo Mesa, an assertion that the Defendants do not deny. This case then boils down to executing an arrest warrant on the wrong man. Specifically, Plaintiffs claim that the DEA agents were negligent and reckless in their investigation of the whereabouts of the Pedro Pablo Mesa named in the arrest warrant. Plaintiffs assert that this negligence and recklessness caused the Defendants to execute the arrest warrant on the wrong Pedro Pablo Mesa, and that this mistake caused substantial injuries to the Plaintiffs.

The Defendants have moved for dismissal or, in the alternative, for summary judgment as to Count II, arguing that while the United States has waived its sovereign immunity for tort claims under the FTCA, the general waiver is subject to exceptions, one of which covers the Defendants' conduct in this case— i.e., the discretionary function exception

found in 28 U.S.C. § 2680(a). The FTCA is a broad waiver of federal sovereign immunity. It grants jurisdiction to the federal district courts to hear many tort suits against the United States in circumstances where the government, if a private party, would have incurred liability under state law. 28 U.S.C. § 2674. There are, however, statutory exceptions, among them a proviso that the waiver shall not extend to

[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). When a claim is covered by the discretionary function exception, it must be dismissed for lack of subject matter jurisdiction.

The essence of Defendants' argument in support of its motion to dismiss or, in the alternative, for summary judgment is that the DEA agents were performing a classic law enforcement discretionary function when they executed the arrest warrant on Plaintiff Pedro Pablo Mesa. Specifically, Defendants claim that the investigative methods attendant to the execution of an arrest warrant involve choices that are grounded in policy consideration, and, therefore, that the United States has not waived its sovereign immunity, and this Court is without jurisdiction to hear Plaintiffs' claim under Count II.

Plaintiffs raise two broad arguments against Defendants' motion. First, Plaintiffs argue that the conduct of the DEA agents was not covered by the discretionary function exception to the FTCA. In particular, Plaintiffs urge that while the agents used discretion in deciding how to execute the arrest warrant, the agents did not balance any policy considerations, which they allege is a prerequisite for the discretionary function exception to apply. Second, they argue that even if the discretionary function exception did apply to the conduct of the agents, this determination would require a close factual analysis going beyond the four corners of the pleadings, thereby precluding an order to dismiss, and, also, that summary judgment would be premature at this point in the case.

The Defendants have the better argument. The matter can plainly be resolved on a motion to dismiss. We hold as a matter of law that the function of determining when and how to execute an arrest warrant is quintessentially a discretionary function, involving choices and judgments that are grounded in policy considerations. In making such a decision, the agents must answer such basic questions rooted in the investigative process as these: shall the warrant be executed at day, or at night? Shall it be executed inside a house, or only when the subject is found outdoors? How much investigative effort shall be expended prior to executing a warrant? Which resources shall be devoted to the task? Profoundly difficult policy and judgment choices are often attendant to the process of executing a warrant. Plaintiffs' suggestion that the execution of an arrest warrant is simply a ministerial act is plainly wrong.

*United States v. Gaubert,* 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) is the most recent pronouncement by the Supreme Court on the discretionary function exception to the FTCA. In *Gaubert,* the district court granted defendant's motion for summary judgment, finding that the decisions of federal officials in selecting the new officers and directors, and participating in the day-to-day management of a savings and loan, fell within the discretionary function exception to the FTCA. The Court of Appeals for the Fifth Circuit held that the government's activities after they assumed a supervisory role in the savings and loan's day-to-day affairs did not fall within the discretionary function exception. The Supreme Court reversed, finding that these functions were within the discretionary function exception. While the Supreme Court stated that the discretionary function exception "protects only governmental actions and decisions based on consideration of public policy," it went on to state that

... it is clear that the Court of Appeals erred in holding that the exception does not reach decisions made at the operational or management level of the bank involved in this case. A discretionary act is one that involves choice or judgment; there is nothing in the description that

refers exclusively to policymaking or planning functions ... Discretionary conduct is not confined to the policy or planning level.

*Gaubert,* at 325, 111 S.Ct. at 1275.

In *Hart v. United States,* 894 F.2d 1539 (11th Cir.), *cert. denied* 498 U.S. 980, 111 S.Ct. 509, 112 L.Ed.2d 521 (1990), the Eleventh Circuit held that the United States' investigative efforts to identify 13 dead servicemen were protected by the discretionary function exception. In that case, the wife of an Air Force officer, whose plane crashed in Laos during the Vietnam conflict, sued the United States under the FTCA for intentional infliction of emotional distress, alleging that the Army and Air Force knowingly made false positive identification of the remains of her husband. The district court granted summary judgment for the plaintiff. On appeal, the Eleventh Circuit reversed, holding that the district court had no subject matter jurisdiction to consider a challenge to the actions of the United States in identifying missing servicemen, in that such conduct fell within the discretionary function exception. Expanding on the protection of the discretionary function exception, the Court observed:

[T]he [Supreme] Court has defined discretionary decisions as those in which there is room for policy judgment ... The discretion referred to is "the discretion of the executive or the administrator to act according to one's judgment of the best course ..."

*Id.* at 1545 (citing *Dalehite v. United States,* 346 U.S. 15, 34, 73 S.Ct. 956, 967, 97 L.Ed. 1427 (1953)).

The overwhelming consensus of federal case law establishes that criminal law enforcement decisions—investigative and prosecutorial alike—are discretionary in nature and, therefore, by Congressional mandate, immune from judicial review. In *Pooler v. United States,* 787 F.2d 868 (3rd Cir.), *cert. denied* 479 U.S. 849, 107 S.Ct. 175, 93 L.Ed.2d 111 (1986) for example, the plaintiffs brought a claim against the United States, alleging that the government's investigation, and its decision to file criminal charges, were deficient in several respects. The district

court dismissed the complaint at the pleading stage, holding that the actions complained of fell within the discretionary function exception to the FTCA. On appeal, the Third Circuit affirmed. Discussing the claim for negligent investigation, the Court noted that the agent "was placed in charge of an investigation, and was required to decide how that investigation would be pursued. That required consideration of the use and availability of potential informants, and of the competing uses of personnel who might be needed for surveillance." *Id.* at 871. The Court held that "[w]hen the sole complaint is addressed, as here, to the quality of the investigation as judged by its outcome, the discretionary function should, and we hold, does apply. Congress did not intend to provide for judicial review of the quality of investigative efforts." *Id.*

That investigative functions are plainly within the discretionary function exception is also illustrated by *Rourke v. United States,* 744 F.Supp. 100 (E.D.Pa.1988), *aff'd* 909 F.2d 1477 (3rd Cir.1990). In *Rourke,* a fact pattern similar to the instant case, the plaintiff was arrested by the defendant FBI for bank robbery. The charges were subsequently dismissed; thereafter, plaintiff sought compensation for having been wrongfully arrested and detained when, he alleged, the agents should reasonably have known that he was not the perpetrator of the crime. The sum and substance of the plaintiff's claims were that the FBI agents conducted a "haphazard" investigation calculated to achieve a quick arrest in disregard of the plaintiff's rights. The Court granted defendants' motion to dismiss, holding:

> ... [T]o the extent that Rourke seeks compensation for having been erroneously arrested and charged due to a flawed investigation, the discretionary function exception precludes the claims against the government in that the manner of conducting an investigation and the decision to seek an arrest warrant are the kind of "quintessentially" discretionary activities

for which sovereign immunity has not been waived.

*Id.* at 103.

Again, in *Attallah v. United States,* 955 F.2d 776, 784 (1st Cir.1992) the First Circuit observed: "[W]hether or not an agent searches a particular passenger is a function which requires the exercise of judgment" and is therefore immune from judicial review. And in *Smith v. United States,* 375 F.2d 243 (5th Cir.), *cert. denied,* 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967), the Fifth Circuit, in binding precedent, affirmed the district court's dismissal of plaintiff's claim against the government for its alleged failure to arrest or prosecute persons injuring plaintiff's business.[1] While *Smith* involved a claim for the alleged failure to arrest and prosecute, the Fifth Circuit's opinion broadly addressed all criminal law enforcement. The Court said:

> The federal government's decisions concerning enforcement of its criminal statutes comprise a part of its pursuit of national policy. If the government could be held liable for prosecuting or failing to prosecute such a case, its choices in this area could quite conceivably be affected by such a suit. Thus, a policy decision of the federal government might be influenced by a plaintiff with no governmental responsibility.
>
> We emphasize that this discretion, exercised in even the lowliest and least consequential cases, can affect the policies, duties, and success of a function placed under the control of the Attorney General by our Constitution and statutes.
>
> * * * * * *
>
> We therefore hold that § 2680(a) exempts the government from liability for exercising the discretion inherent in the prosecutorial function of the Attorney General, no matter whether these decisions are made during the investigation or prosecution of offenses ... Another holding could diffuse the government's control over policies committed to it by the Constitution,

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

and irrationally concentrate political responsibility in fortuitous lawsuits.
*Id.* at 247–48.

*Kelly v. United States,* 924 F.2d 355 (1st Cir.1991) also involved a claim under the FTCA for failure to investigate. Kelly, a veteran DEA agent, alleged that it was widely rumored that he (Kelly) was the source of numerous leaks of information to a suspected drug kingpin who was under investigation by the DEA. While it was later proven that Kelly was not the source of the leaks, Kelly alleged that the rumors ruined his career. Kelly sued the United States under the FTCA, seeking damages resulting from the alleged conduct of defendants in failing to follow with care their own regulations when investigating allegations of misconduct by agents. The district court granted summary judgment for the defendant. On appeal, the First Circuit affirmed, holding that "[s]ince decisions to investigate, or not, are at the core of law enforcement activity, the bureau chiefs' challenged conduct involved precisely the kind of policy-rooted decisionmaking that section 2680(a) was designed to safeguard." *Id.* at 362.

Plaintiffs essentially concede that this is the state of the law. As noted, they argue, however, that the execution of a warrant is not a policy-rooted decision, and therefore is not covered by the discretionary function exception. Plainly the policy choices inherent in the investigative process of executing a warrant—how, where and when to execute— are discretionary in nature.

■ Plaintiffs rely on certain cases in which it was found that the governmental conduct was not policy-rooted, and was therefore not protected by the discretionary function exception. In *Prescott v. United States,* 973 F.2d 696 (9th Cir.1992), a number of individuals sued the United States for injuries allegedly suffered as a result of the negligence of government officials during nuclear weapons testing in Nevada. The Ninth Circuit affirmed the denial of a motion for summary judgment by the United States based on the discretionary function exception because "the government failed to adduce any evidence that the specific acts of negligence flowed from the policy choice of on-site

officials who had been explicitly entrusted with the responsibility of weighing competing policy considerations." *Id.* at 703. *Prescott,* however, did not involve the specific question of whether decisions made in criminal investigations involve policy considerations. Rather, it simply provides additional support for the assertion that, in general, decisions must involve policy considerations before being protected by the discretionary function exception.

Plaintiffs' reliance on *Andrulonis v. United States,* 924 F.2d 1210 (2nd Cir.), *vacated* — U.S. ——, 112 S.Ct. 39, 116 L.Ed.2d 18, *remand* 952 F.2d 652 (2nd Cir.1991), is likewise unpersuasive. In *Andrulonis,* a federal government scientist from the Center for Disease Control provided a virulent strain of rabies for a laboratory experiment. Apparently, the scientist who observed the experiment should have noticed obviously dangerous conditions in the laboratory when the rabies virus he supplied was used, but he neglected to warn a New York State bacteriologist conducting the experiment. As a result, the bacteriologist contracted rabies and suffered severe permanent injuries. The Second Circuit Court of Appeals affirmed the district court's conclusion that the discretionary function exception did not protect the federal government from the scientist's negligent failure to warn. The Second Circuit found that "the situation simply did not lend itself to policy balancing, nor is there any indication that Dr. Baer considered the policy implications or the pros and cons of allowing the experiment to proceed ... His is precisely the type of negligent omission for which Congress waived the government's sovereign immunity in order to provide redress to citizens for the torts of government actors." *Andrulonis,* 924 F.2d at 1219. The Second Circuit's initial decision in *Andrulonis* was appealed to the Supreme Court, which remanded the case to the Second Circuit for further consideration of the discretionary function exception in light of its opinion in *Gaubert.* On remand, the Second Circuit applied *Gaubert* to their analysis and decided there was no need to change their original decision. *Andrulonis,* however, never addressed the discrete question of whether law

enforcement decisions such as the investigative steps involved in executing an arrest warrant, are discretionary in nature.

The cases relied on by Plaintiffs simply hold that a decision by a government actor must be rooted in policy considerations before the discretionary function exception applies. However, the Plaintiffs' cases do not lend support for Plaintiffs' assertion that the execution of a warrant does not involve considerations of policy. As we noted, in executing a warrant, an agent must make numerous basic investigative decisions, all of which involve policy considerations. The decision of what type of investigation to conduct prior to the execution of the warrant involves considerations of resources, risk, danger and the urgency of capturing the subject. An agent must be acutely aware of the risks involved in the execution of the warrant to himself, his fellow agents, innocent bystanders, not-so-innocent bystanders, and to the subject himself. Likewise, the decisions surrounding whether to execute an arrest warrant at night or during daylight hours, or whether to execute inside a house or outside, or with force or without, involve profoundly difficult policy or judgment considerations. These decisions simply are not the equivalent of decisions a government agent makes about what road to take when driving a car on official business. These investigative decisions involve policy choices and plainly fall within the discretionary function exception to the FTCA.

Plaintiffs also argue that the Count cannot resolve these issues on a motion to dismiss as this undertaking requires an examination of facts going far beyond the Complaint, and also that it would be premature to address the issue on a motion for summary judgment, before the discovery process has advanced very far.

The Plaintiffs misapprehend, we think, the essence of the Defendants' motion to dismiss. To determine as a matter of law whether the manner or mode of executing an arrest warrant is a discretionary function does not require us to go beyond the Complaint. There is no dispute that the Defendant DEA agents were executing an arrest warrant. Rather, what Plaintiffs have placed in controversy is simply whether the agents executed the warrant in a negligent or reckless manner. Accepting as true everything claimed in the Complaint, the basic question remains: whether the execution of an arrest warrant by federal law enforcement agents is discretionary in nature and thereby shielded by Congress from judicial review. We hold as a matter of law that the execution of an arrest warrant is a fundamental discretionary investigative determination replete with policy choices, and therefore that the sovereign has not waived its immunity under the FTCA. It is not for this Court to question the plain mandate of Congress.

Finally, Plaintiffs assert that the burden of persuasion rests with the Defendant to show that the discretionary function exception to the FTCA applies here. This does not appear to be the case. In *Gaubert, supra*, the Supreme Court stated that:

> When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion. For a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in policy of the regulatory regime.

499 U.S. at 324–25, 111 S.Ct. at 1274–75. Thereafter, in the case of *Autery v. United States*, 992 F.2d 1523 (11th Cir.1993), which also discussed who has the burden of proving the applicability of the discretionary function exception, the Eleventh Circuit observed:

> This court has not dealt explicitly with the question of whether the plaintiff or the government has the burden of proving the applicability of the discretionary function exception. All circuits to address the issue have concluded that "plaintiff bears the burden of persuading the court that it has subject matter jurisdiction under the FTCA's general waiver of immunity," but "the burden of proving the [discretionary function] exception lies with the government." *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir.1992); *see also Carlyle v.*

*United States,* 674 F.2d 554, 556 (6th Cir. 1982); *Stewart v. United States,* 199 F.2d 517, 520 (7th Cir.1952).

\* \* \* \* \* \*

In *United States v. Gaubert,* 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991), the Supreme Court appeared to impose the burden on the tort plaintiff to show that the government's conduct is not protected under the discretionary function exception.

*Autery,* 992 F.2d at 1526, n. 6.

While it appears that under *Gaubert* and *Autery* the Plaintiffs have the burden of proving that the government's conduct is not protected under the discretionary function exception, it is not necessary to resolve that issue to decide whether to dismiss. Even assuming that Plaintiffs are correct in their assertion that the burden rests with the government to prove that its conduct is protected under the discretionary function exception, and taking all of the allegations in the Complaint as true, and drawing all permissible inferences in the Plaintiffs' favor, we are still constrained to find that the Defendants' burden has been met. Plaintiffs assert in the Complaint in great detail that the Defendants negligently and recklessly executed an arrest warrant on Pedro Pablo Mesa. Looking only at this allegation, taking it as true, and placing the burden of proving the applicability of the discretionary function exception squarely on the Defendants, we conclude as a matter of law that the mode and manner of executing an arrest warrant is a discretionary investigative function. The FTCA does not grant this Court subject matter jurisdiction to inquire into the wisdom and efficacy of these acts.

Accordingly, it is hereby ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Count II is GRANTED. Defendants' Motion for Summary Judgment as to Count II is DENIED AS MOOT.

## II.

Plaintiffs have filed a Third Motion for Enlargement of Time in which to serve Defendants. Defendants Michael Dolan and Jaime Camacho oppose this motion. Based on a thorough review of this matter, it is hereby ORDERED AND ADJUDGED that Plaintiffs' motion is GRANTED, and Plaintiffs shall have an additional *thirty (30) days* from the date of this Order in which to serve Defendants.

DONE AND ORDERED.