**Howard J. LITTELL, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 8:99CV2808T17EAJ.**

United States District Court, M.D. Florida, Tampa Division.

March 11, 2002.

Phillip J. Lindenmuth, Federal Deposit Ins. Corp., Washington, DC, for Federal Deposit Ins. Corp., receiver.

Leonard Selig Englander, Englander & Fischer, P.A., St. Petersburg, FL, T. Patton Youngblood, Jr., T. Patton Youngblood, Jr., P.A., Tampa, FL, for Howard J. Littell, Robin Brandt, Gary Brandt, David Goldstein, plaintiffs.

Roberta M. Klosiewicz, Warren A. Zimmerman, U.S. Attorney's Office, Tampa, FL, for U.S., defendant.

Timothy M. Cerio, Gray, Harris, Robinson, Shackleford, Farrior, Tampa, FL, Brett J. Preston, Benjamin H. Hill, III, Mark J. Criser, Hill, Ward & Henderson, P.A., Tampa, FL, Gary Hill Larsen, Dickinson and Gibbons, P.A., Sarasota, FL, for Cascade Savings Bank, F.S.B., defendant.

Warren A. Zimmerman, U.S. Attorney's Office, Tampa, FL, for Doug Loveland, defendant.

William J. Cook, Barker, Rodems & Cook, P.A., Tampa, FL, for John Ray McFerren, defendant.

## ORDER

KOVACHEVICH, Chief Judge.

This cause comes before the Court for consideration of Defendant's Motion to Dismiss (Dkt. 29, filed Dec. 4, 2000) the First Amended Complaint in this case and Memorandum of Law in support thereof (Dkt.30, Dec. 4, 2000), and Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Memorandum of Law in support thereof (Dkt. 45, filed Jan. 12, 2001).

## I. Standard of Review

A district court should not dismiss a complaint unless if appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *See Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claims in and the grounds upon which it rests." *See Conley,* 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss for failure to state a claim upon which relief can be granted, the court may only examine the four corners of the plaintiff's complaint. *See Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232, 233 (M.D.Fla.1995). "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." *Ancata v. Prison Health Serv., Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). In addition, a court must accept the plaintiff's well-pled facts as true and construe the complaint in the light most favorable to the plaintiff. *See Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995). However, when on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the action is appropriate. *See Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991).

## II. Background

On December 10, 1999, Plaintiffs filed a Complaint and Demand for Jury Trial with

this Court. (Dkt.1). On September 5, 2000, Plaintiffs filed a First Amended Complaint, (Dkt.7), alleging violations of the Federal Tort Claim Act, *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619, (1971)("Bivens"), and the Fourth and Fifth Amendments to the United States Constitution.

The following factual allegations are taken from Plaintiffs' First Amended Complaint. (Dkt.7). Within the First Amended Complaint, Plaintiffs allege that Cascade Savings Bank, F.S.B., American Bank, Mid City Bank, American Valley Bank, and The Bank of San Diego are, and were, at all times material to the action, federally insured depository institutions that engaged in and conducted business within the State of Florida, and therefore, are subject to this Court's jurisdiction, under Florida Statute Section 48.193.

In Count I, Plaintiffs allege that the United States engaged in the malicious prosecution of Plaintiffs. Plaintiffs state that they have exhausted their administrative remedies, with respect to Count I, by complying with 28 U.S.C. § 2675. Factually, Plaintiffs allege that in, or about, December of 1993, and continuing thereafter, the United States investigated, obtained information, and caused to be initiated, or commenced, a criminal action in, or about, August of 1995, in the form of a raid and the seizure of a business, Professional Rate Services, that was owned and operated by Plaintiff Littell, and the employer of Plaintiff Brandt and Plaintiff Goldstein.

Plaintiffs state that the United States investigated, obtained information, and caused to be initiated the subject criminal action, by and through the actions of employees and/or agents of the FDIC and or FDIC (Receiver), while acting within the course and scope of their respective employment or agency, and in their respective capacity as agents of the United States. According to Plaintiffs, the raid and prosecution of Professional Rate Services was based on information that the United States knew, or should have known, was false, or based on information without probable cause to support the information.

According to Plaintiffs, the criminal Indictment against Plaintiffs states that Plaintiffs:

> . . . did knowingly and willfully combine, conspire, confederate[,] and agree with one another and with others known and unknown to the grand jury: (1) to defraud the United States by impeding, impairing, obstructing[,] and defeating the FDIC, an agency of the United States, in the lawful discharge of its functions relating to the examination, supervision, and insurance of deposits in financial institutions; [and] (2) to commit offenses against the United States, to wit: (a) to knowingly execute a scheme and artifice to defraud financial institutions, in violation of Title 18 U.S.C., Section 1334, and (b) to willfully falsify, conceal[,] and cover up by trick, scheme[,] or device material facts within the jurisdiction of the FDIC, and agency of the United States, in violation of Title 18, United States Code, Section 1001. execute [sic] a scheme and artifice to defraud the BANKS named herein, the accounts of which were insured by the FDIC, by falsely and fraudulently concealing from said BANKS Plaintiffs [sic] respective roles as deposit brokers in the placement of certificates of deposit (the seven of which were subject of the criminal proceeding).

(Dkt.7)

On December 11, 1996, Plaintiffs were acquitted of the charges contained in the

criminal proceeding referenced above. According to Plaintiffs, the actions and omissions of the United States, in instituting, maintaining, and continuing the subject criminal prosecution of Plaintiffs were malicious, willful, and wanton disregard and reckless indifference to the rights, health, and welfare of Plaintiffs.

As a result of the United States' action, Plaintiffs state that they have suffered the following: distrust, ridicule, damage to reputation and obloquy; lost past and future earnings, revenues and profits, plus interest thereon; lost earning capacity; mental and emotional pain and suffering, embarrassment and humiliation; attorney's fees incurred in defense of the criminal action against them; and, Plaintiff Littell lost property that was seized by the federal government in the raid of the business premises, during his business hours.

In Count II, Plaintiffs allege, again, malicious prosecution in violation of 28 U.S.C. § 2674. Plaintiffs state that this Court has jurisdiction, pursuant to 28 U.S.C. § 1346(b), and that Plaintiffs have exhausted their administrative remedies by complying with 28 U.S.C. § 2675.

Factually, Plaintiffs allege the same information in Count II, against the United States, as was alleged in Count I, except that Plaintiffs base Count II on the alleged malicious prosecution of Counts II through VIII of the Indictment in the criminal action. The information contained within the Indictment, Counts II through VIII, includes allegations that Plaintiffs:

> ...did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud the [BANKS named herein], the accounts of which were insured by the FDIC, by ... and through... false and fraudulent pretenses...[and] aided and abetted by one another and by others known and unknown to the grand jury, did knowingly and willfully cause the [BANKS named

herein] to issue [certain] certificates of deposit...

(Dkt.7). Plaintiff Littell was charged in Counts IV, V, VII and VIII of the Indictment. Plaintiff Goldstein was charged in Counts III, V, and VI of the Indictment. Plaintiff Brandt was charged in Count II and III of the Indictment.

Count III of the Plaintiffs' First Amended Complaint alleges the same factual information, against the United States, as was contained within Count I of Plaintiffs' First Amended Complaint, except that Plaintiffs base Count III on the alleged malicious prosecution of Counts IX and XV of the Indictment. Counts IX and XV of the Indictment allege, according to the Plaintiffs, that Plaintiffs:

> ...aided and abetted by one another and by other persons known and unknown to the Grand Jury, did knowingly and willfully by a trick, scheme, and device, cause the [BANKS named herein] to conceal from the FDIC a material fact, required to be disclosed in the Call Reports filed by such bank at the end of each quarter, to wit: that the placement of [certain certificates of deposits] had been facilitated by a deposit broker...

(Dkt.7). Plaintiff Littell was charged within Counts XI, XII, XIV, and XV of the Indictment. Plaintiff Goldstein was charged in Counts X, XI, and XII of the Indictment. Plaintiff Brandt was charged in Counts IX and X of the Indictment. Plaintiffs state that the criminal action reached a bona fide termination in favor of Plaintiffs, in that said criminal action resulted in a Judgment of Acquittal, entered by the Honorable Henry Lee Adams, Jr., on December 11, 1996.

Count XI of the Plaintiffs' First Amended Complaint alleges abuse of process against the United States. Plaintiffs state, in connection with this Count, that they have exhausted all administrative reme-

dies, by complying with 28 U.S.C. § 2675. Plaintiffs, again, factually base the claim contained within Count XI on the circumstances surrounding the previous criminal action initiated against Plaintiffs. Plaintiffs state specifically, with regard to Count XI, that the Indictment against Plaintiffs, as alleged in Counts IX through XV, states that Plaintiffs:

> ...aided and abetted by one another and by other persons known and unknown to the Grand Jury, did knowingly and willfully by trick, scheme, and device, cause the [banks named herein] to conceal from the FDIC a material fact, required to be disclosed in the Call Reports filed by such bank at the end or each quarter, to wit: that the placement of [certain certificates of deposit] had been facilitated by a deposit broker...

(Dkt.7).

Plaintiffs state that the criminal action brought against them, initiated by the United States, was an illegal, improper, or perverted purpose. Plaintiffs state, specifically, that the criminal action was brought for the sole purpose of extorting Plaintiffs herein to provide the United States the names of "dirty bankers" whom the Plaintiffs knew, according to the United States. These allegedly known "dirty bankers" were thought to be involved in the unauthorized acceptance of brokered deposits, or otherwise accepted brokered deposits without the consent of the FDIC in circumstances under which the bank was required to first obtain the express consent of the FDIC prior to the acceptance of said brokered deposits, or which the bank was not permitted to accept under any circumstances.

Count XVI of Plaintiffs' First Amended Complaint alleges intentional infliction of emotional distress against the United States. In support of this Count, Plaintiffs state that the actions and omissions committed against Plaintiffs, and described within the previous Counts of Plaintiffs' First Amended Complaint, were intentional, or, otherwise willful, wanton, and in reckless disregard for the rights, health, and welfare of Plaintiffs.

As a result of these actions or omissions, Plaintiffs state that they suffered, and will continue to suffer, humiliation, insult, inconvenience, annoyance, physical pain and suffering, emotional distress, lasting psychological damage, mental anguish, indignity, loss of capacity for enjoyment of life, expense of medical care and treatment, damage to reputation, and loss of the ability to earn money. These losses, according to Plaintiffs, are either permanent or continuing. In addition to the previously listed losses, Plaintiffs state that they have already suffered distrust, ridicule, damage to reputation and obloquy, mental pain and suffering, emotional pain and suffering, embarrassment, and humiliation.

### III. Discussion

Defendant, United States, asks this Court to dismiss Counts I–III, XI and XIV for lack of jurisdiction. Defendant argues that each count is barred by the discretionary function exception to the Federal Torts Claims Act (FTCA). In addition, Defendant argues that the allegations in the malicious prosecution counts are beyond the scope of the administrative claims, and, therefore, the Plaintiffs did not properly exhaust their administrative remedies. Finally, Defendant argues that the abuse of process and intentional infliction of emotional distress counts are barred by the statute of limitations and are inadequately pled.

■■■ The law is well settled that the United States, as a sovereign, may be sued only to the extent that it has consented to suit by statute. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *United*

*States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *JBP Acquisitions, LP v. United States,* 224 F.3d 1260, 1263 (11th Cir.2000). A wavier of immunity must be explicit. *See Honda v. Clark,* 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967); *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). Where there is no statute expressly waiving the sovereign immunity of the United States, dismissal of the action is required. *See Jules Hairstylists of Md., Inc. v. United States,* 268 F.Supp. 511 (D.Md.1967), *aff'd per curiam,* 389 F.2d 389 (4th Cir.1968), *cert. denied,* 391 U.S. 934, 88 S.Ct. 1847, 20 L.Ed.2d 854 (1968); *Stout v. United States,* 229 F.2d 918 (2d Cir.1956), *cert. denied,* 351 U.S. 982, 76 S.Ct. 1047, 100 L.Ed. 1496 (1956).

The exclusive remedy for money damages in torts cognizable under 28 U.S.C. § 1346(b) is the FTCA. 28 U.S.C. § 2679(a); *Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. at 473, 114 S.Ct. 996. The waiver of sovereign immunity under the FTCA is limited by 28 U.S.C. § 2680(a), which bars "[any claim...based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused]." Under 28 U.S.C. § 2680(h), the United States has consented to be sued for malicious prosecution, abuse of process, intentional infliction of emotional distress, and a number of other intentional torts, when the person responsible for said torts are investigative or law enforcement officers authorized to perform arrests, searches and seizures. "[Investigative or law enforcement officer means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.]"

The issue in this case is whether the discretionary function exception applies to claims for malicious prosecution and abuse of process commenced against investigative or law enforcement officers. To establish claims for malicious prosecution and abuse of process, a plaintiff must "clear the 'discretionary function' hurdle and satisfy the 'investigative or law enforcement officer' limitation to sustain" those allegations in the complaint. *Gray v. Bell,* 712 F.2d 490, 508 (D.C.Cir.1983), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1984). If the activities alleged in a complaint are protected by the discretionary function exception, the court need not address whether the actors were investigative or law enforcement officers. *Id.*

In *Gray,* the United States Court of Appeals for the District of Columbia addressed the issue of whether the discretionary function exception applies to a suit authorized by the "investigative or law enforcement officer" provision of § 2680(h). *Id.* at 507. The named defendants in *Gray* were the United States, the former Attorney General, and various Justice Department attorneys. *Id.* at 494–495. The plaintiff's complaint alleged that the defendants violated his "Fifth Amendment rights to due process and to an informed and impartial Grand Jury by conducting a grossly negligent pre-indictment investigation, and, as a result, failing to present exculpatory evidence and presenting false and misleading evidence to the Grand Jury." *Id.* at 495. The plaintiff argued that the discretionary function exception did not apply to his suit because his suit was authorized by the "investigative or law enforcement officer" provision of § 2680(h). *Id.* at 507. The court was not persuaded by this argument based on both its finding that the language of § 2680(a) was unambiguous and its finding that § 2680(a) and § 2680(h) were not incongruent. *Id.* Therefore, the court rejected

the plaintiffs argument and found that the plaintiff must satisfy both the discretionary function exception and the "investigative or law enforcement officer" limitation to sustain his malicious prosecution claim under the FTCA. *Id.* at 508.

The Plaintiffs in this case argues that authority exists for the proposition that the discretionary function hurdle need not be overcome in cases wherein the alleged misdeeds of the law enforcement officers occur during the course of the search, seizure or arrest. Plaintiffs cite *Pooler v. United States*, 787 F.2d 868, 872 (3d Cir. 1986), *cert. denied*, 479 U.S. 849, 107 S.Ct. 175, 93 L.Ed.2d 111, (1986), for this proposition. However, in *Pooler* the court specifically stated that since the plaintiff failed to allege that the actions of the investigative officer were intentional torts, the court declined to entertain the issue addressed by the *Gray* court. *Id.* at 872. Since the *Pooler* court did not specifically address the issue of whether § 2680(a) applies to actions commenced under § 2680(h), this Court does not find *Pooler* to be persuasive on the issue at hand.

■ Applying *Gray* to the facts of this case, this Court must first determine whether the facts alleged in the First Amended Complaint are sufficient to clear the discretionary function exception of § 2680(a). The Plaintiffs have the burden of proving they have subject matter jurisdiction under the FTCA's general waiver of immunity. *See* 28 U.S.C. § 1346(b); *Prescott v. United States*, 973 F.2d 696, 701 (9th Cir.1992). "This follows from the general principle 'that the party who sues the United States bears the burden of pointing to ... an unequivocal waiver of immunity.'" *Prescott v. United States*, 973 F.2d at 701 (quoting *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.1983)). To establish jurisdiction the Plaintiff must draft a complaint that is facially outside the exceptions of § 2680. *Id.* This means

that if the Plaintiffs' complaint pleads matters that clearly fall within the exceptions of § 2680, the Defendant's motion to dismiss should be granted. *Id.*

The Supreme Court has enunciated a two-part test for determining whether a government employee's act or omission falls within the discretionary function exception. *See Ochran v. United States*, 117 F.3d 495, 499 (11th Cir.1997). First, the nature of the conduct must be considered to determine whether it involves "an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988)); *Powers v. United States*, 996 F.2d 1121, 1124 (11th Cir.1993). Government conduct does not involve an element of judgment or choice, and is not discretionary, if "a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" *Gaubert*, 499 U.S. at 322, 111 S.Ct. 1267 (quoting *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954). "[D]ecision making as to investigation and enforcement, particularly when there are different types of enforcement action available, are discretionary judgments." *Bernitsky v. United States*, 620 F.2d 948 (3d Cir.1980), *cert. denied*, 449 U.S. 870, 101 S.Ct. 208, 66 L.Ed.2d 90 (1980).

■ Second, if the conduct at issue involves the exercise of judgment, that judgment must be grounded in considerations of public policy. *Gaubert*, 499 U.S. at 322–323, 111 S.Ct. 1267. "[The purpose of the exception is to 'prevent judicial second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort]." *Id.* at 323, 111 S.Ct. 1267 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814, 104 S.Ct. 2755, 81

L.Ed.2d 660 (1984)). Therefore, decisions that involve judgment grounded in those considerations fall within the exception and the court must focus not on the subjective intent of the government employee or inquire whether the employee actually weighed social, economic, and political considerations before acting, but instead on "the nature of the action taken and on whether they are susceptible to policy analysis." *Ochran*, 117 F.3d at 500 (quoting *Gaubert*, 499 U.S. at 325, 111 S.Ct. 1267).

"The overwhelming consensus of federal case law establishes that criminal law enforcement decisions—investigative and prosecutorial alike—are discretionary in nature and, therefore, by Congressional mandate, immune from judicial review." *Mesa v. United States*, 837 F.Supp. 1210, 1213 (S.D.Fla.1993) (citing *Pooler v. United States*, 787 F.2d 868, 871 (3d Cir.1986), *cert. denied*, 479 U.S. 849, 107 S.Ct. 175, 93 L.Ed.2d 111 (1986)). *See also Rourke v. United States*, 744 F.Supp. 100, 103 (E.D.Pa.1988), aff'g, 909 F.2d 1477 (3d Cir. 1990); *Attallah v. United States*, 955 F.2d 776, 784 (1st Cir.1992).

> The federal government's decisions concerning enforcement of its criminal statutes comprise a part of its pursuit of national policy. If the government could be held liable for prosecuting or failing to prosecute such a case, its choices in this area could quite conceivably be affected by such a suit. Thus, a policy decision of the federal government might be influenced by a plaintiff with no governmental responsibility. We emphasize that this discretion, exercised in even the lowliest and least consequential cases, can affect the policies, duties and success of a function placed under the control of the Attorney General by our Constitution and statutes.

*Mesa*, 837 F.Supp. 1210, 1214 (quoting *Smith v. United States*, 375 F.2d 243, 247–

48 (5th Cir.1967), *cert. denied*, 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967))

■ In this case the First Amended Complaint alleges that the United States' investigative officer provided information to the FDIC that "with the exercise of reasonable diligence" would have been shown to be false. In essence, Plaintiffs contest the quality of the investigation as judged by its outcome. Nevertheless, the tasks accorded to the investigative officer during the course of the investigation demanded the exercise of discretion throughout. As the lead investigator, the investigative officer was required to decide how the investigation would be pursued, including considerations of the use and availability of potential witnesses, the value of any documentary evidence, whether the evidence was consistent or contradictory, and whether to seek a search warrant and to refer the matter for possible prosecution. Further, the ability of an investigator to choose the way in which an investigation will proceed is undoubtedly grounded in considerations of public policy.

This Court finds that Counts I–III, XI and XIV of the Plaintiffs' First Amended Complaint shall be dismissed for lack of jurisdiction. Based on this Court's finding that Count I–III, XI and XIV are barred by the discretionary function exception to the FTCA, it will not address the United States' other grounds for dismissal. Accordingly, it is

**ORDERED** that Defendant, United States', Motion to Dismiss, (Dkt.29), be **GRANTED WITH PREJUDICE** and the Clerk of the Court shall dismiss Counts I–III, XI, and XIV as to the Defendant United States and the Defendant United States is dismissed from this cause.