**Mark A. KOBOLD, Plaintiff,**

v.

**AETNA U.S. HEALTHCARE, INC.; Auction Management Solutions, Inc., A Florida corporation; Nancy J. Rabenold, Individually and as President of Auction Management Solutions, Inc.; and ADP Totalsource, Inc., a Florida Corporation, Defendants.**

**No. 8:02–CV–1114–T–17TBM.**

United States District Court,
M.D. Florida.
Tampa Division.

April 14, 2003.

Nicholas E. Karatinos, St. Petersburg, FL, Bonnie A. Berns, Clearwater, FL, for Plaintiff.

Shari Gerson, Esq., Law Offices of Steven M. Ziegler, P.A., Hollywood, FL, for Aetna U.S. Healthcare, Inc.

Stephanie Yelonosky, Esq., Jackson Lewis, LLP, Orlando, FL, for Auction Management, Nancy Rabenold & ADP TotalSource, Inc.

## ORDER ON DEFENDANT AETNA U.S. HEALTHCARE, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant Aetna U.S. Healthcare, Inc.'s

(Aetna) Motion to Dismiss and Memorandum of Law in support, (Dkt. 30), Plaintiff's Response to Defendant Aetna's Motion to Dismiss (Dkt. 31), and Defendant Aetna's Reply Memorandum to Plaintiff's Response. (Dkt. 35).

### Background

Plaintiff, Mark A. Kobold, filed suit against his former employer, Auction Management Solutions, Inc. (Auction), and former co-employer, ADP TotalSource, Inc. (ADP), as well as Aetna, which had contracted with ADP Total Source to provide medical insurance coverage for ADP's full-time employees. (Dkt. 16). Plaintiff's Second Amended Complaint contained three counts. Count I requested relief under Sections 409, 502(a)(1)(B), and 502(a)(3) and (5) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1109 (2000), based on federal common-law theories of equitable estoppel, breach of contract, breach of fiduciary duty, and negligence based on agency. (Dkt. 16). Count II alleged a violation of 29 U.S.C. § 1132, for failure to provide Plaintiff with plan information under ERISA. Count III sought relief under the Comprehensive Omnibus Budget Reconciliation Act of 1986 (COBRA), 29 U.S.C. § 1161, for Aetna's failure to provide Plaintiff with a notice of eligibility for continued medical insurance coverage.

Because all well-pled facts must be construed in the light most favorable to the plaintiff, *Littell v. United States,* 191 F.Supp.2d 1338, 1339 (M.D.Fla.2002), the Court will assume Plaintiff's facts, as alleged in the Second Amended Complaint, (Dkt. 16), are true for purposes of this motion.

Plaintiff was an employee of Auction and ADP from March 3, 2000, through August 22, 2000. ADP had contracted with Aetna to provide medical insurance coverage for ADP's full-time employees; Plaintiff was a full-time employee. Twice during the course of his employment, Plaintiff completed and submitted applications for medical insurance to Auction President Nancy J. Rabenold's secretary, Karen Norman, who was responsible for submitting applications to Aetna.

On August 22, 2000, Ms. Rabenold terminated Plaintiff's employment. On August 28, 2000, Plaintiff was hospitalized for internal bleeding caused by an ulcer. Plaintiff spent three weeks in the hospital, including time in the intensive care unit. On the belief that he was still covered, Plaintiff informed the hospital that he believed his medical insurance was still in effect despite his termination the week before. The hospital contacted ADP, but ADP could not determine the existence of coverage. When Plaintiff was released from the hospital, he learned that ADP had no record of health insurance paperwork being received from Auction on Plaintiff's behalf. As a result, Plaintiff faces a medical bill in excess of $100,000.00.

Since his termination of employment, Plaintiff has not received any notices from any of the Defendants that medical coverage is available to him under COBRA. Additionally, Plaintiff first received a copy of the medical insurance contract between ADP and Aetna on June 21, 2002.

### Standard of Review

In ruling on a motion to dismiss, the court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80

(1957). In considering a motion to dismiss, the court must take all material allegations of the complaint as true and liberally construe those allegations in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). When, on the basis of a dispositive issue of law, no construction of the factual allegation will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991).

### Discussion

Aetna makes seven arguments in support of its Motion to Dismiss. (Dkt. 30). The first four arguments strive to attack the legal theories raised in Count I of Plaintiff's Second Amended Complaint. (Dkt. 30). As set forth above, Plaintiff's Count I requests relief under ERISA based on theories of breach of fiduciary duty, breach of contract, equitable estoppel, and negligence through an agency relationship. (Dkt. 16). Plaintiff indicates in his Response to Aetna's Motion to Dismiss that a key factual issue in this case, to be developed during discovery, is which of the Defendants has fiduciary responsibilities; this key factual issue will determine which avenue of relief Plaintiff will pursue, and against whom. (Dkt. 31). Although Plaintiff ultimately must be able to sustain only one of these theories, the Court will address each of Aetna's arguments attempting to strike at the many theories asserted in Count I.

a. *Argument I: Lack of Standing Under ERISA*

■ Aetna argues that Plaintiff's Complaint must be dismissed as a matter of law, because Plaintiff lacks standing to sue under ERISA. (Dkt. 30). The thrust of Aetna's argument is that Plaintiff is not a participant or beneficiary of an ERISA plan because Plaintiff was never enrolled in, nor contractually eligible for, medical benefit coverage. This argument is without merit.

Under ERISA, "a civil action may be brought (1) by a participant or beneficiary (B) to recover benefits due to him under the terms of his plan ...." 29 U.S.C. § 1132(a). The two requirements for establishing status as a plan participant are that the employee "be in, or reasonably expect to be in, covered employment" and that he " 'be or become' eligible to receive a plan benefit." *Willett v. Blue Cross and Blue Shield of Alabama,* 953 F.2d 1335, 1342 (11th Cir.1992) (citing 29 U.S.C.A. § 1002(7)). Contrary to Aetna's argument, the Plaintiff does not need to establish contractual entitlement to benefits. *Id.* In *Willett,* the Eleventh Circuit distinguished actual entitlement to benefits from eligibility under the terms of the plan. *Id.* In that case, the employee was eligible for benefits under the plan, but never was actually enrolled in the plan because his employer failed to pay his premiums. *Id.* The court noted that the employee would have been entitled to coverage had the premiums been paid, and therefore, the employee was a plan participant. *Id.*

The facts of *Willett* are similar to this case. Aetna concedes that Plaintiff passes the first prong of the two-prong test for establishing plan participant status: Plaintiff was an employee of ADP and Auction. Aetna's argument that Plaintiff lacks standing merely because Aetna never received applications or premiums on his behalf fails. It is nonsensical that an employee who, but for a fiduciary's failure to process his application, would be eligible for benefits, should be precluded from asserting the rights he would have under

ERISA had the application been processed correctly. Therefore, this Court cannot say, as a matter of law, that Plaintiff lacks standing as a participant or beneficiary under ERISA. If, through discovery, Plaintiff is able to show that he met his obligation under the plan by applying for benefits on two occasions, he will satisfy the second prong of the test.

b. *Argument II: Failure to State a Claim for Breach of Fiduciary Duty or Breach of Contract Under ERISA*

██ Aetna's second argument is that Plaintiff's claims for breach of fiduciary duty and breach of contract are preempted by ERISA, and because Plaintiff lacks standing under ERISA, these claims must fail as a matter of law. While it is true that these claims are preempted by ERISA, 29 U.S.C. § 1144; *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (noting the breadth and importance of ERISA's preemption clause), as established above, Plaintiff does not lack standing to bring these claims. Additionally, breach of fiduciary duty is a clearly established claim under ERISA. 29 U.S.C. § 1109. Breach of contract, also preempted by ERISA, has an equivalent statutory provision under Section 502. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 60, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (citing 29 U.S.C. § 1132(a)(1)(B).) An ERISA fiduciary is defined as any entity that "exercises any discretionary authority or discretionary control respecting management of such plan ... or administration of such plan." 29 U.S.C. § 1002(21)(A)(i), (iii). Which of the named Defendants was charged with fiduciary duties is a factual question that has not yet been established. Therefore, the Motion to Dismiss these claims is denied.

c. *Argument III: Absence of Equitable Estoppel Claim Under ERISA*

██ Aetna is correct in its third argument, that an equitable estoppel claim may be brought only in the case of an oral interpretation of an ambiguous plan. *See Katz v. Comprehensive Plan of Group Ins., Alltel*, 197 F.3d 1084, 1090 (11th Cir. 1999) (noting the very narrow scope of equitable estoppel under ERISA in the Eleventh Circuit); *Kane v. Aetna Life Ins.*, 893 F.2d 1283, 1286 (11th Cir.1990) (allowing equitable estoppel in the case of an oral interpretation of an ambiguous plan but recognizing that estoppel is preempted by ERISA in cases of an oral modification of an unambiguous provision). Absent both an ambiguous provision and an oral representation interpreting that ambiguous provision, equitable estoppel may not be asserted under ERISA. *Alday v. Container Corp. of America*, 906 F.2d 660, 666 (11th Cir.1990). Plaintiff's Second Amended Complaint fails to assert an ambiguous provision in the plan, nor does it assert an oral representation interpreting the plan was made to Plaintiff. Therefore, Plaintiff is precluded from pursuing a theory of equitable estoppel. However, as noted above, breach of fiduciary duty and breach of contract are still viable theories in Plaintiff's Count I, and therefore, the Court denies Aetna's Motion to Dismiss Count I.

d. *Argument IV: Failure to Demonstrate an Agency Relationship*

██ Aetna also argues that Plaintiff has failed to set forth the necessary pleadings for agency and that Plaintiff's claims are dependent on establishing an agency relationship. However, the success of Plaintiff's claims clearly does not require establishing an agency relationship, as Plaintiff

is pursuing a claim of breach of fiduciary duty and discovery may establish that Aetna served as fiduciary. Nevertheless, the Court will address Aetna's argument.

First, in response to Aetna's argument that "Plaintiff has failed to set forth the necessary allegations *or proof* required for sustaining a cause of action based on an agency relationship, (Dkt. 31) (emphasis added), the Court reminds Aetna that Plaintiff is not required to prove anything on a motion to dismiss." *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Aetna's argument is that it is nonsensical that an employer responsible for submitting insurance applications to an insurer that contracts with thousands of employers would be the insurer's agent. (Dkt. 13). However, this is a factual argument, and as such, must be reserved for the trier of fact. *Wood v. Holiday Inns, Inc.,* 508 F.2d 167, 173 (5th Cir.1975) (noting that the existence and scope of an agency relationship are generally jury questions).

On the other hand, Plaintiff cites only *Steinberg v. Mikkelsen,* 901 F.Supp. 1433 (E.D.Wis.1995), for the proposition that an employer could serve as a common law agent of the insurer under ERISA. Plaintiff's reliance on *Steinberg* is somewhat misplaced. That case involved whether ERISA allowed an agency relationship between the insurer and an insurance agent, not between the insurer and the employer. *Id.* at 1434. However, the Court notes that the *Steinberg* court's rationale, that "[a]dopting a federal common law of agency imputing the knowledge of an agent to its principal is consistent with ERISA policy," 901 F.Supp. at 1438, is persuasive.

■ The Court notes that Congress has authorized federal courts to create federal common law to act as a gap-filler when ERISA preempts state law, as long as ERISA itself does not already expressly address the issue. *Pilot Life,* 481 U.S. at 56, 107 S.Ct. 1549; *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 110, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Buce v. Allianz Life Ins. Co.,* 247 F.3d 1133 (11th Cir.2001).

In *UNUM Life Insurance Co. of America v. Ward,* the Supreme Court held that state law governing the agency of an employer as a plan administrator was preempted by ERISA. 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999). This left open the opportunity for federal courts to create a federal common law of agency under ERISA. *See* Joshua A.T. Fairfield, Student Author, *ERISA Preemption and the Case for a Federal Common Law of Agency Governing Employer–Administrators,* 68 U. Chi. L.Rev. 223, 232 (2001) (advocating the adoption of a federal common law recognizing an agency relationship between insurers and employers under ERISA and noting that without such adoption, employees often will be left without any remedy because of the gap created by preemption). Whether ERISA should allow liability based on an agency relationship is a question of first impression in the Eleventh Circuit.

■ The Eleventh Circuit has articulated the standard for determining whether a rule should become part of the federal common law governing ERISA: "whether the rule furthers ERISA's scheme and goals." *Buce,* 247 F.3d at 1140. The two goals are (1) protecting employees' and beneficiaries' interests in employee benefit plans and (2) promoting uniformity in the administration of employee benefit plans. Adopting a federal common law of agency would be consistent with ERISA policy.

Allowing agency law certainly serves to protect employees' and beneficiaries' interests in employee benefit plans; indeed, "preempting state agency laws without replacing them...[gives insurers] little incentive to monitor ongoing administration, or to make sure that new information (such as negotiated changes in plan coverage) reaches the beneficiaries." *Fairfield, supra,* at 242. Second, adopting a theory of agency under ERISA would promote uniformity in administering employee benefit plans. As the *Steinberg* court noted, "agency doctrine has been part of the federal common law for a long time." 901 F.Supp. at 1438. Additionally, courts adopting agency as part of the federal common law follow the Restatement of Agency. *Id.* at 1437. Indeed, Aetna's Motion to Dismiss cites the Restatement in arguing that no agency relationship existed between Aetna and the employer. (Dkt.30). Because agency law is so well-established, adopting it as part of ERISA's common law would promote uniformity.

This Court cannot conclude that, as a matter of law, Plaintiff will be unable to establish an agency relationship between Aetna and Defendants ADP and Auction Management. Therefore, the Court rejects Aetna's Fourth Argument and denies its Motion to Dismiss Count I.

e. *Argument V: Lack of Entitlement to Plan Information Under ERISA*

■ Aetna asks this Court to dismiss Count II of Plaintiff's Complaint because Plaintiff was not entitled to receive plan information under 29 U.S.C. § 1132(a). Under Section 1132(c), an administrator must provide a plan participant with requested plan materials within thirty days of the request. Aetna argues that Plaintiff was not a participant and therefore was not entitled to plan information. As discussed above, however, Plaintiff was a participant in the plan.

However, Aetna is correct in its assertion that it is not an administrator. ERISA defines a plan administrator as "the person specifically so designated by the terms of the instrument under which the plan is operated" or, if the instrument does not designate the administrator, the plan administrator is the plan sponsor. 29 U.S.C. § 1002(16)(A). Further, the definition of plan sponsor includes such entities as the employer, or an employee organization, but not the insurer. Id. § 1002(16)(B). Because the instrument does not designate Aetna as the plan administrator, and because Aetna, by virtue of being an insurer, is not a plan sponsor, Aetna is not an administrator. Thus, because Aetna cannot be an administrator and therefore has no duty to provide information to Plaintiff, Count II is dismissed as to Aetna.

f. *Argument VI: Lack of Eligibility for COBRA Benefits*

■ Aetna is correct in its argument that Plaintiff is not entitled to benefits under COBRA. COBRA requires an employer to provide the option of continued coverage to a "qualified beneficiary who would lose coverage under the plan as a result of a qualifying event." 29 U.S.C. § 1161. With respect to a qualifying event, the term "qualified beneficiary" includes a "covered employee." 29 U.S.C. § 1167(3)(B). Significantly, however " 'covered employee' means an individual who is (or was) *provided coverage* under a group health plan." 29 U.S.C. § 1167(2) (emphasis added). Because Plaintiff was never covered under the plan, he is not a covered employee and is therefore not a

qualified beneficiary entitled to continued medical coverage. Therefore, Count III also is dismissed.

g. *Argument VII: Lack of Entitlement to Attorneys' Fees*

■ In determining whether Plaintiff should be precluded from requesting attorneys' fees, this Court must consider 29 U.S.C. § 1132(g)(1) which provides in pertinent part:

> In any action under this subchapter … by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party. 29 U.S.C. § 1132(g)(1).

Clearly, an award of attorney's fees in an ERISA action is discretionary. *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255 (5th Cir.1980); *Nachwalter v. Christie,* 805 F.2d 956 (11th Cir.1986). In exercising this discretion, the district court should consider the following factors set forth in *Bowen:*

1. the degree of the opposing parties' culpability or bad faith;

2. the ability of the opposing party to satisfy an award of attorneys' fees;

3. whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

4. whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve significant legal questions regarding ERISA itself; and

5. the relative merits of the parties' position. *Bowen,* 624 F.2d at 1266.

No one of these factors is necessarily decisive and some may be inappropriate in certain circumstances. *Id.* However, together these factors "are the nuclei of concerns that a court should address in applying section 502(g)." *Id.* It is not clear whether Plaintiff will be able to meet any of these factors. Nevertheless, at this stage in the litigation, this Court cannot deny Plaintiff the possible right to attorneys' fees under 29 U.S.C. § 1132(g)(1). Accordingly, it is

**ORDERED** that Aetna's Motion to Dismiss (Dkt. 31) be **denied** as to Count I and **granted** as to Counts II and III. Additionally, Aetna's Motion to Dismiss Plaintiff's request for attorneys' fees is denied.